RICHARD W. EMERSON *vs.* LAWRENCE BURNS.

An indorsee of a negotiable promissory note made for an illegal consideration must, before he can recover upon it, prove that he gave value for it.

CONTRACT to recover the amount of two promissory notes made by the defendant payable to his own order and indorsed in blank.

At the trial in the Superior Court, before *Brigham,* C. J., the signatures of the defendant were admitted, the notes were read in evidence, and the plaintiff rested his case.

The defendant's evidence tended to show that the notes were given by him to the firm of Seth E. Pecker & Co., liquor dealers, in payment for intoxicating liquors sold in violation of the statutes of this Commonwealth.

The defendant asked the court to rule " that if the illegality of the consideration was proved or admitted, it was incumbent on the plaintiff to show that he took the notes before they fell due, without notice of the illegal consideration, and that he paid consideration for them." But the court declined so to rule. The de-

fendant also asked the court to rule " that the plaintiff could not recover upon the defendant's testimony if it was believed." But the court refused so to rule, and did rule " that from the possession of the note declared on by the plaintiff and its production at the trial, the presumption was that he was the owner of it, and that in the absence of any evidence of the time when the note was indorsed by the payee, the presumption was that it was indorsed when made, and these presumptions as to ownership and the time of the indorsement were sufficient, in the absence of any other evidence, to authorize the finding by the jury that the plaintiff was the owner of the note, and paid consideration for it, before it was due, and that these presumptions satisfied the burden of proof upon the plaintiff, the illegality of the consideration being proved ; and directed a verdict for the plaintiff, and the defendant alleged exceptions."

*P. H. Cooney*, for the defendant.

*W. B. Gale*, for the plaintiff.

COLT, J. The court ruled in substance that the possession of the note in suit afforded a presumption that the plaintiff took it before maturity for a good consideration, and directed a verdict for the plaintiff. But where original illegality of consideration is shown, the presumption which applies where there is only failure or want of consideration is not sufficient to support the plaintiff's case. It is well settled that upon proof that a promissory note is founded in illegality or was obtained or put in circulation fraudulently, an indorsee, before he can recover in a suit upon it, must show that he gave value for it ; it is not first incumbent on the defendant to show the contrary. And this because of the temptation which the original holder of such a note must always have to pass it into other hands for the mere purpose of collection, and without the payment of a consideration therefor. *Sistermans v. Field*, 9 Gray, 331. *Holden v. Cosgrove*, 12 Gray, 216. *National Bank of North America v. Kirby*, 108 Mass. 497.

*Exceptions sustained.*