## COMMONWEALTH *vs.* HENRY J. KAHLMEYER.

**Norfolk.     March 28. — 30, 1878.     AMES & MORTON, JJ., absent.**

On an indictment charging the defendant under the Gen. Sts. *c.* 87, §§ 6, 7, with keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, evidence is admissible that intoxicating liquors were found in a building in the rear of a dwelling-house, in one of the rooms of which was the defendant's bar-room; that there was a ·pathway leading from the rear of the house to the building; that the defendant's name was attached to one of the vessels containing liquor; that, beside the defendant, there was no person of that name in the town; that when an officer entered the bar-room, the defendant threw a bottle containing liquor to a girl; that the girl left the room; that immediately after a girl in an entry of the house, between which and the bar-room a room and another entry intervened, handed a bottle to a woman; and that a few minutes afterwards a woman threw from a window in the top of the house two bottles containing liquors; although there was no other evidence that the bottle taken from the bar-room was one of the two so thrown, or that the defendant left the bar-room during this time, or knew what was done outside of the bar-room, or had any possession or control of the dwelling-house or of the building in the rear.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant on September 1, 1877, and on divers other days between that day and the day of the finding of the indictment, December 4, 1877, with keeping and maintaining a certain tenement in Hyde Park, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Pitman,* J., there was evidence tending to show that the defendant was, during a portion of the time alleged in the indictment, engaged in the business of keeping for sale and selling intoxicating liquors; that the bar-room was in one of the rooms of a dwelling-house; that there was a building in the rear of the house, about fifteen or twenty feet distant, and that there was a pathway leading from the rear of said house to the building. The government was then allowed to introduce evidence, against the objection of the defendant, as to the existence of the path, and the finding and seizure of quantities of intoxicating liquor, on November 26 1877, in the building, and that the name "Kahlmeyer" was attached to one of the vessels containing liquor; and that the witness, who was one of the assessors of Hyde Park, knew no other person of that name except the defendant. There was no other evidence that the defendant had made use of, had ever

entered the building, or had any control or possession of it, or any right therein.

It also appeared in evidence that the defendant, upon the entry of police officers into the bar-room, at a time covered by the indictment, threw to a girl a bottle containing some liquid, for the purpose, as the government contended, of destroying evidence of his illegal business; that the girl left the room; that immediately after a girl in an entry of the house, between which and the bar-room a room and another entry intervened, handed a pint bottle to a woman; that a few minutes afterwards a woman, which one of the witnesses called the same woman, but on cross-examination could not identify, threw from a window in the top of the dwelling-house two bottles containing intoxicating liquors, to destroy the same. There was no other evidence that the bottle taken from the bar-room was one of the two so thrown.

All the evidence tended to show that the defendant did not leave the bar-room during this time; that what was done outside of the bar-room was done without his knowledge; and he was not shown to have had any control over the dwelling-house. The defendant objected to the admission of the above evidence; but the judge admitted it, and instructed the jury that the defendant was not responsible for the acts of other persons out of his presence, and that the only use that could be made of the evidence of what was done out of the bar-room was to show the contents of the bottle, if the jury were satisfied that one of the bottles thrown from the window was the same bottle which the defendant passed to the girl in the bar-room.

The defendant asked the judge to rule that the evidence as to the finding of liquors in the other building was immaterial. But the judge declined so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, & *W. C. Loring*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The evidence was rightly submitted to the jury. *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 27. *Commonwealth* v. *McCluskey*, 123 Mass. 401.

*Exceptions overruled.*