COMMONWEALTH *vs.* DAVIS LOCKE.

Middlesex.   Nov. 22, 1887. — Jan. 2, 1888.   DEVENS & W. ALLEN, JJ.,
                              absent.

On a complaint for keeping and maintaining a tenement used for the illegal keep-
   ing and sale of intoxicating liquors, it is competent to prove the discovery of
   liquor in the defendant's bar-room, and also the circumstances of the discovery.
On a complaint for keeping and maintaining a tenement used for the illegal keep-
   ing and sale of intoxicating liquors, evidence that the defendant's bar-keeper
   endeavored to conceal intoxicating liquor, while a search was being made under
   a search-warrant, is admissible, although the defendant was absent at the time,
   and there was evidence that he had no knowledge that intoxicating liquor was
   sold there.
On a complaint for keeping and maintaining a tenement used for the illegal keep-
   ing and sale of intoxicating liquors, the jury may infer that intoxicating liquor
   is being kept for the purposes of unlawful sale from the fact of its presence in
   the tenement, and an attempt by the defendant's servant to conceal it.

COMPLAINT, on the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and
maintaining a common nuisance, to wit, a tenement in Cam-
bridge, used for the illegal sale and illegal keeping of intoxicat-
ing liquors, on May 1, 1887, and on divers other days and times
between that day and June 4, 1887.   Trial in the Superior Court,
before *Barker,* J., who allowed a bill of exceptions, in substance
as follows :

On Tuesday, May 24, 1887, several police officers of Cam-
bridge, with a search-warrant, visited Porter's Hotel, Cambridge,
of which the defendant was the proprietor, and searched the ho-
tel for intoxicating liquors.   Coulter, one of the officers, imme-
diately entered the bar-room, in which no one was present but
the bar-keeper.   Coulter testified that on entering the bar-room
he immediately proceeded around the bar to the place where the
bar-keeper was, and that the bar-keeper had in his hands a meas-
ure, the contents of which he was attempting to throw into the
sink.   The officer attempted to seize the measure, the bar-keeper
resisted, and in the struggle the contents of the measure were
spilled upon the floor.   The officer testified that gin was spilled
on the floor, and that a small quantity of whiskey was found in
a measure under the bar.   The defendant objected to the intro-
duction of this evidence of the acts of the bar-keeper in the ab-
sence of the defendant, unless it was shown in some way that

the defendant knew and consented to them; but the judge ruled that they were admissible in evidence.

The defendant testified that, prior to May 1, 1887, he had been licensed; that nothing was for sale in the bar-room except hop beer and tonics, and that nothing intoxicating had been, to his knowledge, brought there or sold there since the expiration of his license.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

HOLMES, J. It was competent to prove the discovery of gin and whiskey in the defendant's bar-room. *Commonwealth* v. *Kahlmeyer*, 124 Mass. 322. *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 27. Therefore it was competent to prove the circumstances of the discovery. But, further, evidence of the bar-keeper's conduct was admissible in connection with the other facts as tending to show that the defendant was guilty. If liquor was kept for sale in the defendant's bar-room by the defendant's bar-keeper, the jury might think it unlikely, as matter of common experience, that it would be kept for sale there without the defendant's consent, and might infer his consent on that ground. *Commonwealth* v. *Briant*, 142 Mass. 463, 465. *Commonwealth* v. *Holmes*, 119 Mass. 195. *Commonwealth* v. *Edds*, 14 Gray, 406, 409. *Commonwealth* v. *Nichols*, 10 Met. 259. And they might infer that the liquor was kept there for the purpose of unlawful sale, from its presence and the attempt to conceal it.

*Exceptions overruled.*