COMMONWEALTH *vs.* JOHN GILLON.

Suffolk.   November 26, 1888. — November 27, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint — Evidence.*

A complaint to a Municipal Court, charging the keeping of intoxicating liquors "with intent unlawfully to sell the same, in this Commonwealth," and not with intent to sell within the jurisdictional limits of the court, is sufficient.

At the trial of such a complaint there was evidence that an officer, entering the defendant's kitchen, saw seven men, five sitting around a table and two standing up, and the wife of the defendant, having two bottles of what he called lager beer under her apron, one of which he took from her, and the other she broke over the stove. *Held*, that the evidence was admissible.

COMPLAINT to the " Municipal Court of the Dorchester district of the city of Boston holden at said district for the transaction of criminal business within the county of Suffolk," alleging that the defendant, on February 12, 1888, " at Boston aforesaid and within the judicial district of said court, unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, the said Gillon not having then and there any license," &c.

In the Superior Court, on appeal, before the jury was impanelled the defendant for the first time filed a motion to quash the complaint, among other things for the following reasons: " 2. Because the lower court had no jurisdiction of the offence attempted to be charged. 3. There is no such court as that to which the complaint purports to be addressed, and which undertook to take jurisdiction and render judgment in the premises, inasmuch as in and by the complaint it is alleged that said ' Dorchester District Court was and is holden at said district for the transaction of criminal business within the county of Suffolk,' whereas said court has only jurisdiction of a fractional portion of the county of Suffolk. . . . 5. There is no proper and sufficient averment of any intent illegally to sell said intoxicating liquors within the Dorchester district. 6. There is no proper sufficient negation of license, authority, or appointment, &c. 7. The negation is uncertain, indefinite, and insufficient, inasmuch as it does not appear for any certainty to what the word ' there' applies. 8. It does not appear in and by the complaint precisely and clearly that the exposing and keeping was within the county of Suffolk, or outside and beyond the Dorchester district, inasmuch as it is averred that the court has jurisdiction of the whole county of Suffolk, instead of the Dorchester district thereof." *Pitman*, J., overruled the motion.

At the trial, there was evidence tending to show that the defendant kept a grocery store in a building numbered 1175 on Dorchester Avenue in the Dorchester district in the city of Boston; and that his tenement consisted partly of two rooms

on the first floor of the building, one of which was occupied by him as such store, and the other adjoined it as a kitchen. One Perry, a police officer, was permitted to testify, against the objection of the defendant, that he visited the defendant's premises on the day in question together with two other officers; but finding the store closed, they went into the kitchen, and there saw seven men, five sitting around a table and two standing up, and that he saw the wife of the defendant have two bottles of what he called lager beer under her apron, and that he took one from her, and the other she broke over the stove.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. C. Bliss,* Assistant Attorney General, for the Commonwealth.

FIELD, J. The only alleged defect in the complaint which could be called substantial, if it were a defect, is that there is no allegation " of any intent illegally to sell said intoxicating liquors within the Dorchester district," but the allegation is of an "intent unlawfully to sell the same in this Commonwealth." The unlawful keeping of intoxicating liquors for sale is equally an offence, whether the intent is unlawfully to sell them at the place where they are kept, or at other places in the Commonwealth.

The testimony of Perry, that he saw in the kitchen "seven men, five sitting around a table and two standing up," and " the wife of the defendant having two bottles of what he called lager beer under her apron, and that he took one from her, and the other she broke over the stove," was competent. *Commonwealth* v. *Locke,* 145 Mass. 401. *Commonwealth* v. *McHugh,* 147 Mass. 401. *Commonwealth* v. *Downey, ante,* p. 14.

*Exceptions overruled.*