COMMONWEALTH *vs.* JOHN McNEESE.

Middlesex.    March 28, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Evidence.*

At the trial of a complaint for unlawfully exposing and keeping for sale intoxicating liquors, there was evidence that on the morning of Sunday, the day alleged, two officers entered at the front entrance, and another by breaking in a door, which was locked in his face, at the rear of the defendant's premises. There was beer, freshly drawn, under the bar, and a bottle of whiskey and a glass were upon the bar. The defendant was absent, but his two bar-keepers in their shirt sleeves, and from seven to nine other men, were present. *Held*, that these facts unexplained would warrant the inference that the bar-keepers were intending to sell intoxicating liquors, and that such evidence would warrant a finding that they were acting by the defendant's authority.

There is no rule in this Commonwealth that a witness must be believed simply because he is not impeached and tells a plausible story.

HOLMES, J. This is a complaint for unlawfully exposing and keeping for sale intoxicating liquors. It comes before us on exceptions to the refusal of the judge of the Superior Court to rule that there was no sufficient evidence to warrant a conviction. The evidence for the government was as follows. The defendant had licenses of the first and fourth classes, and kept

a bar. On the day alleged, Sunday, August 30, 1891, at about seven o'clock in the morning, two officers were admitted and entered at the front of the defendant's premises. At the same time another, in citizen's dress, climbed the fence in the rear. A man standing at the back door said to him, " You can't get in here to-day," and locked the door in his face. The officer burst in the door. The officers found four pails of beer, containing about twelve quarts each, freshly drawn, under the bar in one of the rear rooms, and a bottle of whiskey and a glass upon the bar. There were from seven to nine men in the room, some of whom left on the entrance of the officers. The defendant was not present, but his two bar-keepers were there in their shirt sleeves. These facts unexplained would warrant the inference that the defendant's bar-keepers were intending to sell intoxicating liquors upon his premises on Sunday morning, and evidence that they were prepared openly to sell at the defendant's bar, seemingly in the regular course of business, would warrant a finding that they were acting by his authority. *Commonwealth* v. *Gillon*, 148 Mass. 15. *Commonwealth* v. *Locke*, 145 Mass. 401. *Commonwealth* v. *Briant*, 142 Mass. 463, 465.

The defendant offered a plausible explanation of the circumstances in person, and by other witnesses who were not impeached, and also testified that he had instructed both his bar-keepers every Saturday night since May 1st not to sell anything on Sunday. But in this Commonwealth there is now no rule that a witness must be believed simply because he is not impeached and tells a plausible story. The jury decide that question uncontrolled. *Commonwealth* v. *Hyland*, 155 Mass. 7.

*Exceptions overruled.*

*G. W. Lawton*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, (*G. C. Travis*, First Assistant Attorney General, with him,) for the Commonwealth.