MERCHANTS' NATIONAL BANK OF LOWELL *vs.* HAVERHILL IRON WORKS & others.

Middlesex.   March 10, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Contract — Promissory Note — Purchase for Value — Evidence.*

In an action on a promissory note, which was defended on the ground that the note had been fraudulently put into circulation by the P. L. Co., a Massachusetts corporation, organized for the purpose of "doing a brokerage business in commercial paper, stocks, bonds, and other property," from whom the plaintiff company acquired it, the plaintiff's officers testified that the note was taken by them in good faith and for value before maturity; and the defendant introduced no testimony to contradict these officers. *Held,* that the defendant was entitled, nevertheless, to go to the jury on the question whether the plaintiff took the note for value and without notice of the fraud.

In an action on a promissory note, which was defended on the ground that the note had been fraudulently put into circulation by the P. L. Co., a Massachusetts corporation organized for the purpose of " doing a brokerage business in commercial paper, stocks, bonds, and other property," from whom the plaintiff company acquired it, the defendant introduced in evidence a certificate of incorporation of the P. L. Co , which showed the purpose for which the company was organized; and the plaintiff's president was permitted to testify that he had no knowledge of the nature of the charter or certificate of incorporation of the company, or of the purpose for which it was incorporated. *Held*, that there was nothing in the charter of the P. L. Co. which expressly or by implication forbade it to purchase the note in suit; and if the plaintiff's president was bound to know, as matter of law, the powers conferred upon the P. L. Co. by its charter, the admission of his statement that he did not know them could have done the defendant no harm, and was not ground for an exception.

CONTRACT, against the maker, and five other persons as indorsers, of a promissory note. At the trial in the Superior Court, before *Bond*, J., the defendants did not deny their signatures to the note, but defended on the ground that the note had been fraudulently put into circulation by the Potter-Lovell Company, and that the plaintiff did not take the note for value and without notice. The defendants' evidence tended to show that the note had been sent by the maker to the Potter-Lovell Company, a corporation organized under the laws of Massachusetts for the purpose of " doing a brokerage business in commercial paper, stocks, bonds, and other property," to be discounted; and that the Potter-Lovell Company had fraudulently pledged it with the plaintiff, to take the place of other collateral which it had previously deposited with the plaintiff to secure a loan to itself. In the course of the trial the defendants introduced in evidence a certificate of incorporation of the Potter-Lovell Company, which showed that the company was organized for the purpose of doing a brokerage business; and the plaintiff's president was permitted, subject to the defendants'. exception, to testify that he had no knowledge of the nature of the charter or certificate of incorporation of the company, or of the purposes for which it was incorporated. The president and cashier of the plaintiff testified that the bank took the note before maturity, for value and in good faith; and the defendants introduced no evidence to contradict them, but claimed the right to go to the jury on the question whether the plaintiff took the note for value and without notice of the fraud. The judge ruled, as matter of law, that the plaintiff was entitled to recover, and

ordered a verdict for the plaintiff; and the defendants alleged exceptions.

*B. B. Jones & M. A. Pingree,* for the defendants.

*C. S. Lilley,* for the plaintiff.

MORTON, J. There was evidence tending to show that the note was put into circulation fraudulently by the Potter-Lovell Company, which received it from the defendants. The plaintiff was bound to show, therefore, that it took the note in good faith and for value before maturity. *Emerson* v. *Burns,* 114 Mass. 348. *Sullivan* v. *Langley,* 120 Mass. 437. The president and cashier of the plaintiff bank testified that such was the fact. The defendants introduced no testimony to contradict those officers, but claimed the right to go to the jury on the question whether the plaintiff took the note for value and without notice of the fraud. The court, however, ruled, as matter of law, that the plaintiff was entitled to recover, and directed a verdict for the plaintiff. We think this was error. The jury may have disbelieved the president and cashier, or have believed them only in part, and may have been satisfied on all the evidence that they either had notice or did not take the note for value before maturity. They were not bound, as matter of law, to believe the president and cashier, though their testimony was uncontradicted. *Twombly* v. *Monroe,* 136 Mass. 464.

There was nothing in the charter of the Potter-Lovell Company which expressly or by implication forbade the company to purchase the note in suit. It was fairly incident to the conduct of a brokerage business that it should at times purchase or discount notes. If, therefore, the plaintiff's president was bound to know, as matter of law, the powers conferred upon the Potter-Lovell Company by its charter, the admission of his statement that he did not know them could have done the defendants no harm.

Because of the error in taking the case from the jury the
                                        *Exceptions are sustained.*