### ALBERT H. CONANT *vs.* THOMAS A. JOHNSTON.

Suffolk.   December 11, 1895. — March 5, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Promissory Note — Trial — Evidence — Discretion of Presiding Justice.*

If, at the trial of an action, there is no affirmative evidence in support of a contention of the defendant, although there are circumstances which cast suspicion on the plaintiff's testimony to the contrary that are not inconsistent with the defendant's contention, but no facts are proved that are inconsistent with the other testimony upon the point in issue, the judge cannot properly rule in accordance with such contention.

At the trial of an action by the indorsee against the maker of a promissory note, on cross-examination of the payee of the note the defendant introduced, without objection, evidence of entries upon the payee's bank-book. He then offered the book itself, which was excluded. So far as appeared, the plaintiff knew nothing of the entries upon it. *Held,* that its exclusion was within the discretion of the judge.

If, when evidence which is excluded is offered, nothing appears to indicate that it has any connection with the questions in issue, and afterwards, when the case is further developed, it appears that it might be considered collaterally in connection with other evidence, but no offer is afterwards made to introduce it, no ground of exception to its exclusion is shown.

CONTRACT, upon a promissory note for $1,000, dated January 1, 1889, payable in twenty-four months after date, to the order of James G. Crawford, signed by the defendant, and indorsed to the plaintiff. Trial in the Superior Court, before *Dunbar*, J., who directed the jury to return a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*T. J. Barry*, for the defendant.

*T. E. Grover & J. J. Feely*, for the plaintiff.

KNOWLTON, J.   This is an action brought by the plaintiff as indorsee of a promissory note against the defendant as maker.

The defendant answered, among other things, that the note was obtained from him by fraud, and without consideration. The plaintiff called the payee of the note, who testified that he sold it to the plaintiff before its maturity for $1,025, and gave the particulars of the payment by a check. The plaintiff also testified to the same effect. The defendant, on cross-examination of these witnesses, endeavored to show that the check was not given in payment for this note, but as a remittance of the amount collected by the plaintiff on another note for the same amount, which matured earlier than this. After the plaintiff rested, the defendant offered evidence with a view to showing that the note was obtained by fraud, when the plaintiff objected that such evidence should not be received until it was shown that the plaintiff had some connection with the transactions referred to, or knowledge of them. The court, without a formal ruling, adopted the plaintiff's view of the law, and the defendant's counsel concurred in it. The defendant's counsel then "suggested that, if the court should be inclined to rule that there was not sufficient evidence in the case to warrant the jury in finding that the payment of the $1,025 made in July, 1890, was the proceeds of the collection of the eighteen months' note, instead of the payment of the price of the note in suit, that there was not sufficient evidence to go to the jury upon this question. Such ruling might then be made, and a verdict directed for the plaintiff, as the defendant had no other evidence which he could then offer." The court so ruled, and the defendant's exception to this ruling presents the principal question in the case.

This suggestion of the defendant's counsel assumed, what apparently had been proved beyond a reasonable doubt, that the plaintiff sent the payee of the note the check in question. The question upon which the ruling was asked was whether there was affirmative evidence to warrant a finding that the check was sent as a remittance of the amount collected from the defendant as maker of another note of the same amount which became due a short time before the check was sent. There was no testimony in support of this proposition of the defendant, and the only two witnesses who had knowledge about it testified positively to the contrary. There were cir-

cumstances which cast suspicion upon their testimony that were not inconsistent with the defendant's contention. But no facts were proved that were inconsistent with the other testimony upon this point. There was an entire lack of affirmative evidence, either direct or circumstantial, to show that the check was given in payment of the proceeds of another note that had been collected by the plaintiff for the defendant. We think the judge could not properly have ruled as requested upon the question presented to him. A finding for the defendant upon this question would have been upon a mere conjecture.

Our only difficulty in the case arises from the fact that the judge and the counsel on both sides seem to have assumed that the burden was on the defendant to show that the plaintiff was not a *bona fide* holder of the note for value before maturity. On the contrary, it was proper for the defendant to introduce evidence that the note was obtained by fraud; and if he established that proposition, he made out his defence, unless the plaintiff showed affirmatively that he was a *bona fide* holder who was not affected by the fraud. *Sullivan* v. *Langley*, 120 Mass. 437. *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158. The question whether the jury, in view of the character of the testimony of the plaintiff and his witness on cross-examination, would have found it proved that the plaintiff was a *bona fide* holder of the note for value before maturity, is very different from the question whether they could have found affirmatively on the evidence that the check was sent as a remittance of the proceeds of another note. But the question in regard to the burden of proof was not raised by the defendant at the trial; and it is fair to assume that, if it had been raised, it would have been carefully considered and correctly decided. We do not know what the evidence of fraud would have been, nor does it seem probable that the plaintiff would have failed to establish his title by a verdict if the jury had been carefully instructed in regard to the burden of proof. We are therefore of opinion that we cannot properly sustain the exceptions on this part of the case.

There are two questions of evidence presented by the bill. In cross-examination the defendant introduced, without objection, evidence of entries upon a bank-book of the payee of the

note. He then offered the book itself. This was a book of a person not a party to the suit, in regard to matters foreign to the controversy. So far as appears, the plaintiff knew nothing of the entries upon it. · Whether it should be received to contradict the witness was a matter within the discretion of the court. There is nothing in the bill of exceptions to show that it contained anything which would have strengthened the defendant's case.

In connection with the cross-examination of the first witness, the defendant offered three notes similar to the one sued on, which matured earlier. When they were offered, nothing appeared to indicate that they had any connection with the questions in issue. Afterwards, when the case was further developed, it appeared that they might be considered collaterally, in connection with other evidence, upon the question whether the plaintiff and his witness testified truly in regard to the purchase of the note in suit. But no offer was afterwards made to introduce them, and if they had been introduced they would have shown nothing more than was testified to orally and assumed to be true by the judge in dealing with the question finally passed upon. We are of opinion that the exclusion of the bank-book and the notes did the defendant no injustice.

*Exceptions overruled.*