ERASTUS F. HOLDEN & another *vs.* PHŒNIX RATTAN
COMPANY.

SAME *vs.* SAME.

Middlesex.    January 18, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Exclusion of Defence of Maker of Note in Action thereon by
Indorsee for Value before Maturity without Notice.*

The maker of a promissory note cannot, as against an indorsee before maturity, for
value, and without knowledge or notice of any defence thereto by the maker,
recoup the damages by him sustained in consequence of a breach of warranty by
the payee in the sale of merchandise to the maker in payment for which the note
was given.

In an action by an indorsee against the maker of a promissory note, upon which
there has been a want or failure of consideration in whole or in part, the pro-
duction of the note by the indorsee and the proof or admission of the genuine-
ness of the signatures make out a *prima facie* case in his favor, which is not met
merely by proof of a want or a failure of consideration, but the burden of also
introducing evidence that the indorsee did not take the note in good faith for
value before maturity is on the defendant.

TWO ACTIONS OF CONTRACT.    The first action was brought
on four negotiable promissory notes, and the second on two such
notes.

Trial in the Superior Court before *Blodgett*, J., who directed
the jury to return a verdict for the plaintiffs; and the defendant
alleged exceptions.    The material facts appear in the opinion.

*W. C. Wait,* for the defendant.

*G. A. King,* for the plaintiffs.

FIELD, C. J.    The actions are brought by an indorsee against
the maker of the notes.    All of the notes were payable on time
to the order of Charles A. Lux, and were by him indorsed to the
plaintiffs, and it seems to have been admitted that the signatures
of the maker and indorser were genuine.    In addition to the
notes themselves as evidence, there was evidence that they had
been taken by the plaintiffs before maturity, for value, without
knowledge or notice that the maker had any defence to the
notes as against the payee, and there was no evidence to the
contrary.    The plaintiffs are described in the writs as of Syra-

cuse in the State of New York, and the defendant as a cor-
poration having its usual place of business at Concord in this
Commonwealth.   The notes are all dated at Concord, and are
made payable at "Framingham Nat. Bank, So. Framingham,
Mass."   No contention was made at the trial that the law of
Massachusetts did not govern the rights and liabilities of the
parties.   The defendant made several requests for instructions,
which were refused, and the presiding justice ruled "that upon
the evidence no defence was made out upon which the defendant
was entitled to go to the jury, and directed the jury to find a
verdict for the plaintiffs, and the jury so found."   The defendant
excepted.

The notes were given by the defendant to Lux, in renewal of
other notes which had been given in payment for a quantity of
chair flag, delivered by Lux to the defendant under a contract.
The contract called for two hundred tons of best quality chair
flag, "price to be ($35) thirty-five dollars per ton of (2,000 lbs.)
two thousand lbs."   There was evidence that the flag so deliv-
ered was not of the quality called for by the contract, and that
the fair market value of the flag when delivered did not exceed
twenty dollars per ton.   The defendant undertook in these
actions to recoup the damages sustained by it from the alleged
breach of this contract by Lux.   The consideration of the in-
dorsement of the notes by Lux to the plaintiffs was a debt due
from Lux to the plaintiffs for coal delivered to him by them.
The defendant in this court contended that, as the plaintiffs took
the notes in payment of an antecedent debt, they were not pur-
chasers for value; but this contention is not the law of Massa-
chusetts.   *Ives* v. *Farmers' Bank*, 2 Allen, 236.

The substance of the remaining contentions of the defendant
is, that, as there was evidence of a defence to the notes in whole
or in part as against Lux by way of recoupment of the damages
suffered from the breach of the contract, the burden was upon
the plaintiffs as indorsee, if this defence is made out, to prove
that they were *bona fide* holders of the notes, and that the notes
were taken by them before maturity for value, and that there-
fore the presiding justice could not properly order a verdict for
the plaintiffs.

The doctrine contended for by the defendant is undoubtedly

the law generally in suits on promissory notes by an indorsee against the maker ; but a distinction has been taken between the cases where a promissory note has been originally obtained by the payee from the maker by fraud, or has been fraudulently put in circulation by the payee, or was given upon an illegal consideration, and the cases where there has been only a want or failure of consideration, in whole or in part, as between the maker and payee.   In the former class of cases the production of the note by the indorsee and the proof or admission of the genuineness of the signatures are not enough to make out a case for the plaintiff if the fraud or illegal consideration is proved, but the burden still remains on him to produce some additional evidence that he took the note in good faith for value before maturity ; while in the latter class of cases the production of the note by the indorsee and the proof or admission of the genuineness of the signatures make out a *prima facie* case in his favor, which is not met merely by proof of a want or failure of consideration, but the burden of also introducing evidence that the indorsee did not take the note in good faith for value before maturity is on the defendant.   *Noxon* v. *De Wolf*, 10 Gray, 343.   *Emerson* v. *Burns*, 114 Mass. 348.   *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158.   *National Revere Bank* v. *Morse*, 163 Mass. 383.   *Conant* v. *Johnston*, 165 Mass. 450.   See *Collins* v. *Gilbert*, 94 U. S. 753 ; *New Orleans Canal & Banking Co.* v. *Montgomery*, 95 U. S. 16 ; 2 Greenl. Ev. § 172 ; Taylor, Ev. (Chamberlayne's ed.) §§ 368, 369, p. 276[12] ; Rice, Ev. § 84 ; 1 Danl. Neg. Instr. §§ 814, 815.

Without considering whether a recoupment of damages for breach of warranty in the sale of merchandise ever would be allowed in a suit brought by an indorsee of only a part of the notes given for the merchandise sold against the maker of the notes, while the remainder of the notes were outstanding and unpaid in the hands of other persons, the uncontradicted evidence for the plaintiffs in each of the present actions made out a *prima facie* case, and there was no evidence that the plaintiffs did not take the notes in good faith for value before maturity, and the presiding justice rightly ordered in each action a verdict for the plaintiffs.

*Exceptions overruled.*