## No. 4616

## THOMAS W. WATKINS & SON, INC.

### v.

## JOHN DONDERO

(January 9, 1953)

*Brooks, J.* This is an action of contract to recover a balance due for goods sold and delivered. The answer is general denial, payment, breach of warranty and overcharge.

Defendant owns land in Seabrook Beach, New Hampshire, at a point where the Hampton River flows into the Atlantic Ocean. Tidal currents and sea, plaintiff had hauled and deposited certain rocks against it. This is what is known as "rip rap." The rocks turned out to be unsuitable because too small and were washed away leaving the wall unprotected and necessitating the work done under the current contract on which plaintiff is suing.

Mindful of past experience, defendant specified that the stones should be of a certain size. Stones were procured by plaintiff and deposited against the wall. During the process, defendant complained to plaintiff that the stones were undersized. Finally, defendant, having paid $500, refused to pay more than $300 additional, whereupon the plaintiff brought suit.

At the trial, plaintiff's witnesses testified that the contract was performed according to agreement and that the work was done so as adequately to protect the wall. Defendant put on the stand two engineers of competence and experience who had examined the wall and the "riprap" which

they found at that time to be almost covered with sand. They testified that the construction was improper and that it would *not* in the long run, withstand the sea and protect defendant's property.

At the conclusion of the trial, defendant filed requests for rulings, of which four were denied. These were as follows:

1. Upon all of the law, plaintiff cannot recover.

2. Upon all of the evidence, the plaintiff cannot recover.

3. Upon the law and the evidence, the plaintiff cannot recover.

9. If the court finds that the seller did not deliver the quantity or quality of material contracted for which the plaintiff, seller, represented was delivered and that the defendant was and is put to expense in defending such action, this is a special damage as set forth in G.L., c. 106, § 58 (6) and § 59.

All four requests were denied without qualification. The judge made a finding which read in part as follows:

"I find from all the testimony that the work done by the plaintiff would accomplish the purpose for which it was intended and that since 1950, when this work was done, there has been no further damage to the wall, that both of the experts who testified in behalf of the defendant conceded there has been no damage done nor have there been any washouts of these rocks.

"I find from all the testimony that the work done by the plaintiff and the materials delivered by the plaintiff were of the quality and description contracted for and intended by the parties.

"A view was taken of the premises at which time counsel for the plaintiff and the defendant were present and the rocks deposited were carefully inspected by me." The finding for plaintiff was in the sum of $616.

Request No. 1 was properly denied. There was no law involved. Request No. 2 was properly denied under rule 27 of the district court. Rule

No. 3 was properly denied being nothing more than a combination of requests Nos. 1 and 2. Request No. 9 presumes a finding that the plaintiff did not deliver the quantity or quality of material contracted for. The court specifically found that plaintiff did deliver the material contracted for. The request was therefore properly denied.

Defendant is aggrieved because the court did not accept the testimony of defendant's expert witnesses. Defendant contends that it was the court's legal duty to believe such testimony rather than the testimony of plaintiff's witnesses who were all members of plaintiff's corporation or related to each other and not in defendant's opinion experts. The court is not bound to believe one set of witnesses as against another set. As was said by Holmes, J., in *C. v. McNeese,* 156 Mass. 231, 232; "In this Commonwealth there is now no rule that a witness must be believed simply because he is not impeached and tells a plausible story. The jury decide that question uncontrolled." Even where there is only one set of witnesses, the court may disbelieve them *in toto. Lindenbaum* v. *N. Y., N. H., H. R.R.,* 197 Mass. 314, 323; *Lydon* v. *Boston Elevated Railway Co.,* 309 Mass. 205, *Perry* v. *Hanover,* 314 Mass. 167, 170, *Reardon Importing Co.* v. *Security Trust Co.,* 318 Mass. 304, 307, *Salvato* v. *DiSilva Trans. Co., Inc.,* 1952 Adv. Sh. 873, 877.

Apparently, the trial judge was less impressed with the testimony of defendant's experts than the possibly less expert witnesses of plaintiff; that was his privilege.

*Report dismissed.*

Eben Parsons, for the Plaintiff.

John J. Dondero, for the Defendant.