*Northern District*

No. 5535

**RILEY C. ADAMS**

v.

**RUSSELL MOSES**

December 26, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to ———, *J.* in the District Court of Eastern Essex. No. 13932.

*Connolly, J.* This is an action of contract to

recover $851.39 for gas and oil sold to the defendant by the plaintiff. The answer is a general denial, payment, and recoupment of $365.00.

The evidence at the trial was conflicting, the plaintiff testifying that at all times, he did business with the defendant and never knew of the existence of a corporation as the purchaser of part of the gas and oil involved until the day of trial. The defendant admitted owing $219.74 of the amount claimed by the plaintiff but testified that the balance of $631.65 was owed by a corporation which the defendant represented as an officer. As to his claim of recoupment, the defendant testified that he had sold certain articles of personal property to the plaintiff for which he had not been paid; that the plaintiff denied that all of the articles were in fact sold to him; that those that were sold to him were at prices, considerably lower than the prices cited by the defendant and that in each sale, the defendant was paid in full.

The plaintiff duly made the following requests for rulings:

1. The evidence warrants a finding for the plaintiff.
2. The evidence does not warrant a finding for the defendant.
3. As a matter of law, the defendant cannot maintain his counterclaim or declaration set-off as it is not specially pleaded in the defendant's answer.
4. As a matter of law, the defendant's counter-

claims are not valid defenses to this action as they do not involve the plaintiff in this action but another party related to the plaintiff.

5. The evidence warrants a finding that the counterclaims set forth by the defendant are not valid defenses to this action as they are within the statute of limitations.

6. As a matter of law, the defendant owes the plaintiff the amount claimed in the declaration as no evidence has been introduced to refute the amount claimed by the plaintiff.

7. The evidence warrants a finding that the defendant has acknowledged the full amount of the claim as set forth in the declaration.

8. The evidence warrants a finding that the defendant represented to the plaintiff that he was the only owner of the boats serviced by the plaintiff.

The court disposed of these requests as follows:

1. Allowed, but see findings of fact.
2. Allowed, but see findings of fact.
3. This request is immaterial as not applicable to this case. Denied.
4. Denied. See findings of fact.
5. Denied. See findings of fact.
6. Denied. See findings of fact.
7. Denied. See findings of fact.
8. Denied. See findings of fact.

The court found the following facts:

"I found as a fact that the plaintiff did business relating to the three boats referred to with 'Captain Bill's Excursion, Inc.', a

corporation, and that any indebtedness existing between the plaintiff and the corporation, is not an obligation of the defendant. As of the termination of the business of the corporation and the plaintiff, the sum of that indebtedness is $632.04. A fact that the plaintiff was 'familiar with the set-up', as he stated in evidence, plus the fact that he knew the boats were operated by the corporation, plus the fact that there was a large easily-read sign indicating the operation of the boats by the corporation, plus the additional details of the dealings between the plaintiff and defendant, and the keeping of two separate accounts by the plaintiff, plus other evidence in the case, all seem to verify this conclusion.

"At the time of cessation of business between the plaintiff and defendant in the latter's individual capacity in 1955, the defendant, in that individual capacity, was indebted to the plaintiff in the sum of $219.74. However, the defendant pleads in recoupment that arising out of this same series of transactions between him and the plaintiff in individual capacities, there was due the defendant, as an individual, for merchandise sold and delivered to the plaintiff for his individual use, $320.00.

"I find in fact that the defendant does owe the plaintiff the sum of $219.74, but I also find as a fact that the plaintiff owes the defendant the sum of $320.00. Since there is no declaration in the pleadings in set-off, and there is merely an answer in recoupment, the

indebtedness to the defendant by the plaintiff being greater than the indebtedness of the defendant to the plaintiff, recoupment is allowed, and in this case the net result, and I so find as a fact, is that the defendant in his individual capacity, does not owe the plaintiff anything.

"I, therefore, find for the defendant on the plaintiff's declaration.

"This case was heard on October 11, 1960, and before a finding, and on October 15, 1960, the plaintiff caused to be filed, a motion for new trial, alleging that the hearing in this case was invalid because the trial justice did refuse the plaintiff time to write out his exception to the court's ruling of law. That motion is herewith denied."

■ Since no abuse of judicial discretion appears in the denial of the plaintiff's motion for a new trial, there can be no review by this Division of the action by the trial judge in this respect. *Bartley v. Phillips,* 317 Mass. 35.

■ The merits of the case involved findings of fact. These findings are set forth in the memorandum of the trial judge in passing upon the plaintiff's requests for rulings. Since there was evidence to support them, these findings are final as far as this Division is concerned.

The first two requests for rulings of the plaintiff were allowed.

■ Request #3 was properly denied. The defendant, according to the docket entries,

filed a motion to amend his answer by adding an answer in recoupment and this motion was allowed.

Request #4 was denied as not in accordance with the facts, the court finding that the counterclaim did involve the plaintiff.

As to request #5, the report does not recite the dates of the transactions involved in the defendant's claim of recoupment. As a consequence, we must assume his claim was not barred by the statute.

Request #6 overlooks the principle that the fact finder is not bound as a matter of law to believe any witness even though the testimony of the witness is uncontradicted. *Merchants Bank v. Haverhill Iron Works,* 159 Mass. 158 at 160; *C. v. McNeese,* 156 Mass. 231 at 232.

Requests #7 and #8 were properly denied because of the trial judge's findings of fact.

There being no prejudicial error, the report is to be dismissed.

Merrill B. Nearis, of Gloucester, for the Plaintiff. Subm. on brief.

No brief or argument for the Defendant.