*Northern District*

No. 6268

CAMILLO V. DI CECCA et al

v.

HENRY PAOLINI

*Present*: Brooks, P.J., *Connolly & Yesley, JJ.

Case tried to *Murphy, J.* in the District Court of Southern Essex No. 3003 of 1963.

Argued: ——— 1966. Decided: ——— 1966.

*Connolly, J. This case involves a commission for the sale of a house owned by the defendant.* The plaintiffs, real estate brokers, allege the commission is due them because they procured the buyer.

The court found the following facts:

"This is an action for contract whereby the plaintiffs seek to recover a commission as brokers on the sale of a house formerly owned by the defendant located on lot #405 Main Street, Saugus.

"The plaintiffs were real estate agents who had a customer by the name of Leo Lombardo who was in the market to purchase a home.

"The defendant was a builder of homes who generally sold his houses directly to the buyers. The plaintiffs in their search for a house to sell Lombardo noticed two houses under construction on lots 407 and 409 on Main Street, Saugus. In July of

1963, the plaintiffs were given permission by the defendant to show the houses. The plaintiffs showed Lombardo the houses but he was not interested as he stated the houses were too expensive.

"On August 15, 1963, the defendant started the construction of a house on lot #405 Main Street, Saugus. Sometime in September, Mr. Lombardo visited the area and went through this house which was still in the construction stage. About two weeks after that visit, he was shown the house by the defendant. At that time, Mr. Lombardo made an oral agreement to purchase the house upon its completion. The defendant transferred the house to Leo Lombardo and the parents of Lombardo on November 8, 1963.

"The evidence shows that the first time Lombardo met the defendant was in September, 1963. That the plaintiffs did not have lot #405 listed, did not advertise the property, did not contact Mr. Lombardo or any other customer to purchase this house, did not discuss the sale of the house with defendant, and had no signs on the property. The only sign on the property showed the name of the defendant. The plaintiffs did not know the terms of the sale and had no knowledge of the sale until after the property was transferred.

"I find that the plaintiffs were not employed by the defendant to sell the house, #405 Main St., Saugus, and that they were

not the efficient cause of the sale. I find for the defendant."

The plaintiffs claim to be aggrieved because the trial judge denied certain of their requests for rulings of law.

■ The findings of the trial judge that the plaintiffs were not employed by the defendant to sell the house in question and that they were not the efficient cause of the sale, considered in their context, were obviously intended to stand by themselves, irrespective of the rulings. *Fibre Leather Mfg. Corp. v. Ramsay Mills, Inc.,* 329 Mass. 575.

■ The findings that the plaintiffs were not employed to sell the house in question and that they were not the efficient cause of the sale required the ultimate finding for the defendant. *Brodeur v. Seymour,* 315 Mass. 527.

■ As a consequence, it is not necessary to discuss or even state the requests for rulings although the trial judge dealt with them correctly.

■ Finally, we would again call attention to the principle that the fact-finder is not bound as a matter of law to believe any testimony even though it is uncontradicted. *Merchants Bank v. Haverhill Iron Works,* 159 Mass. 158, 160; *Commonwealth v. McNeese,* 156 Mass. 231, 232.

*There being no prejudicial error, the report is dismissed.*

Martin J. Cicatelli for Plaintiff.

Michael A. D'Avolio for Defendant.