*Northern District*
#6394

## MARY ELLEN LEHAN, ppa.

### v.

## EDWIN CASE SHOE CO. INC.

Argued: March 29, 1967   Decided: May 23, 1967

*Present:* Connolly, J. (Presiding), Parker, Yesley, J.J.

Case tried to *Taylor, J.,* in the Municipal Court of Roxbury #39903

*Parker, J.* This appeal attempts to bring before us the question as to whether the draft report of the defendant was filed within the time provided by Rule 27 of the Rules. of the District Courts.* However, we are of the opinion that no question of. law is brought to us by the report.

From the docket, it appears that on 21 June 1966, the case was tried and on 7 July 1966 the court found for the plaintiff. The court also made rulings on the defendant's requests for rulings. The docket shows that on 7 July 1966, notice of the finding and ruling of the court was mailed to attorneys of record, and that on 15 July 1966, the defendant filed a draft report. A hearing on the draft report was set for 16 August 1966, at which time the plaintiff filed a motion to dismiss the draft report for

---

* The relevant portion of Rule 27 (3rd paragraph, last sentence) reads as follows: "Such request for a report shall be filed with the Clerk within *five days* after notice of the finding or decision." "A draft report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report ". (4th paragraph, last sentence).

the reason that it was not filed on time. A hearing on this motion was held 7 September 1966 and on 20 September 1966, the court allowed this motion. On 23 September 1966, the defendant filed a claim of report and a draft report on the court's action in granting the plaintiff's motion to dismiss the original draft report. This report was allowed on 10 October 1966.

The report before us states that at the hearing on the motion, there was testimony that the defendant's copy of the action of the court allowing the motion to dismiss was received at the office of the defendant's attorney of record on Monday 11 July 1966, and that it bore a date stamp to that effect. Also it is stated that there was testimony that the office of the defendant's attorney is not open for business on Saturdays or Sundays. The plaintiff's attorney received his copy on 8 July 1966 which, from the calender, was a Friday. The report claimed by the defendant on the granting of the motion by the court states that "After taking testimony regarding the date of receipt the court on September 20, 1966, allowed the motion—".

The report shows no requests for rulings filed by the defendant at the close of the evidence at the hearing on the plaintiff's motion to dismiss. There was testimony taken, though what the testimony may have been beyond that stated in the report, we do not know. The court heard the evidence and found for the moving party. The court may well have believed that

the defendant's attorney received notice, as did the plaintiff's attorney, as shown by the report, on 8 July 1966.

■ Granting that there was no contradicting evidence to that stated in the report, the court may not have believed the defendant's testimony. The Court is not required to accept testimony even if uncontradicted. *Daniel* v. *Jardin,* 320 Mass. 764; *Zarrillo* v. *Stone,* 317 Mass. 510; *Perry* v. *Hanjver,* 314 Mass. 167, 170; *Learned* v. *Hamburger,* 245 Mass. 461, 460; *Commonwealth* v. *McNese,* 156 Mass. 231, 232.

This is not a case where the facts were agreed upon or all the subsiliary facts have been found and the separation of the question of fact and law involved in the several findings based thereon has been made, so that a request for a specific ruling of law would serve little purpose. In this case, some of the subsidiary facts were not agreed upon and evidence thereon was submitted. *Matter of Leob,* 315 Mass. 191, 194.

■ It was possible for the defendant to have presented requests containing specifications touching the points which it has argued before us and in its brief. *Wainwright* v. *Jackson,* 291 Mass. 100, 102. This he did not do.

The report brings no question of law to this Court for determination.

**The Report will be dismissed.**

Matthew Cohen
  for plaintiff

David W. Woods
  for defendant