AMERICAN NATIONAL BANK v. S. K. FOUNTAIN.

(Filed 28 October, 1908.)

1. **Negotiable Instruments—Holder in Due Course—Fraud—Notice—Burden of Proof.**

   When it is shown that a negotiable instrument sued on has been procured by fraud, or there is evidence tending to establish it, it is necessary for a recovery by one claiming to be the holder in due course to show by the greater weight of the evidence that he acquired the title (1) before maturity; (2) in good faith for value; (3) without notice of any infirmity or defect in the title of the person negotiating it. (Revisal, secs. 2201, 2208.)

2. **Instruments—Evidence—Burden of Proof—Questions for Jury.**

   When it has been established or there is allegation and evidence tending to show that a negotiable instrument was procured by fraud, in a suit by one claiming to be the holder in due course, it was error for the trial Judge, upon supporting evidence, to charge the jury that the *prima facie* case of the plaintiff was restored by his uncontradicted testimony; that he acquired the note in the usual course of business, before maturity and without notice of any vice in it, as the burden of proof thereof was upon plaintiff, and the question as to the issue and the credibility of the evidence thereon was one for the jury.

ACTION tried before *Neal, J.,* and a jury, at November Term, 1907, of NASH.

The action was to recover the balance due on a promissory note for the purchase price of an automobile, given by defendant to one B. A. Blenner, and by said Blenner endorsed to plaintiff. The defendant resisted recovery on the ground that the note was procured by false and fraudulent representations on the part of Blenner, the vendor. The jury found that the note sued on was procured by misrepresentations and fraud on the part of Blenner, the vendor, and that the plaintiff was endorsee for value, before maturity, and without knowledge or notice of any infirmity affecting the validity of the note.

There was motion for a new trial, on exceptions properly noted, which was overruled. Defendant excepted. Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Bunn & Spruill* for plaintiff.
*T. T. Thorne* and *Jacob Battle* for defendant.

HOKE, J. Our statute on negotiable instruments (Revisal, ch. 54, sec. 2201) defines a "holder in due course" as one who takes a negotiable instrument that is (*a*) complete and regular on its face; (*b*) before it was overdue, and without notice that it had been previously dishonored (if it had been); (*c*) in good faith, and for value; (*d*) and at the time it was negotiated to him he had no notice of any infirmity in the instrument or any defect in the title of the person who negotiated it. And section 2208 of the same chapter provides as follows: "That every holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course," etc.

These sections of the statute are to a great extent a codification of certain general principles of mercantile law applicable to the subject, established by well-considered decisions of the courts in this country and England, notably, *Tatam v. Haslar,* 23 Q. B. Div., 1889, p. 345; *National Bank v. Diefendorf,* 123 N. Y., 191; *Vosburgh v. Diefendorf,* 119 N. Y., 357; *Giberson v. Jolly,* 120 Ind., 301, etc., etc.

·There is some conflict of authority as to the extent and proper application of the burden which the law casts upon a plaintiff, where fraud has been established or when there has been evidence offered tending to establish it, which is thus referred to in Norton on Bills and Notes, 334: "In the cases of illegality the rule is the same, and for the same reason. The burden is cast upon the plaintiff to show that he took the paper for value and in good faith. Some of the cases declare that the holder need not show that he had lack of notice, but need only show value, because the burden of showing notice is upon the party who seeks to impeach the title. But the other courts maintain, and properly, that in addition to proving value the holder should prove that he bought the note in good faith, and should show that he had no knowledge or notice of the fraud. If value and notice are disputed as facts, they must be passed upon by the jury." The author, in note 92, cites several additional cases in support of the text.

In *Tatam v. Haslar, supra,* it was held "that when fraud is proved, the burden of proof is on the holder to prove both that value has been given and that it has been given in good faith, without notice of the fraud."

In *Vosburgh v. Diefendorf, supra,* it is held: "(1) Where the maker of negotiable paper shows that it has been obtained from him by fraud, a subsequent transferee must, before he is entitled to recover thereon, show that he is a *bona fide* purchaser or that he derived his title from such a purchaser. It is not sufficient to show simply that he pur-

chased before maturity and paid value; he must show that he had no knowledge or notice of the fraud."

The statute, then, having enacted into a law the doctrine sustained by these authorities, the rule established by the statute must be observed, to the effect that when fraud has been established in procuring the note or in the title of any one who has negotiated the instrument the burden is on the plaintiff to show that he or some one under whom he claims acquired the title as a holder in due course—that is, that he acquired the title (1) before maturity, (2) in good faith and for value, (3) without notice of any infirmity or defect in the title of the person negotiating it. And where the facts established call for its application, the rights of the parties must be determined under the rule as to the burden of proof which the statute provides.

We are inclined to the opinion that the defendant was not given the full benefit of this principle in the charge of the court below; but if it should be conceded that, when taken in connection with the testimony offered, there was no reversible error in the respect suggested, certain it is that the charge erroneously invades the province of the jury in assuming, as it does, the truth of the evidence offered by the plaintiff on the essential facts of the transaction. Thus, after properly placing the burden on the plaintiff, by reason of evidence offered tending to establish fraud, the charge proceeds: "But the plaintiff having responded by showing that it acquired the note *bona fide* for value in the usual course of business and while it was still current, and before its maturity, the *prima facie* case of the plaintiff is restored." And again: "The court further charges you that the *prima facie* case of the plaintiff having been restored by the uncontradicted evidence of the president of the bank, that it acquired the note in the usual course of business, before maturity and without notice of any vice in it," etc.

It may be that when fraud is established in procuring the

148—38

instrument, or there was evidence offered tending to establish it, if the plaintiff, as he is then required to do, should lay before the jury all the evidence available as to the transaction, and it should thereby appear, with no evidence to the contrary and no other fair or reasonable inference permissible, that plaintiff was the purchaser of the instrument in good faith, for value, before maturity and without notice, the court could properly charge the jury if they "believed the evidence," or if they "found the facts to be as testified"—a more approved form of expression—they would render a verdict for plaintiff. But here, the fraud having been established or having been alleged, and evidence offered to sustain it, the circumstances and *bona fides* of plaintiff's purchase were the material questions in the controversy; and both the issue and the credibility of the evidence offered tending to establish the position of either party in reference to it was for the jury and not for the court. *State v. Hill,* 141 N. C., 771; *Riley's case,* 113 N. C., 651.

As said by the Court in this last case, the "plea of not guilty disputes the credibility of the evidence, even when uncontradicted." His Honor below, therefore, had no right to say to the jury, on this very material question, "The *prima facie* case of plaintiff having been restored by the uncontradicted evidence of the president of the bank, that it acquired the note in the usual course of business, before maturity and without notice of any vice in it"; for this assumes that the statement of the president is to be taken as true, and withdraws that matter from the jury. The precise question was presented in the case of *Bank v. Iron Works,* 159 Mass., 158, and in that case it was held: "(1) In an action on a promissory note, which was defended on the ground that the note had been fraudulently put into circulation by the P. L. Co., a Massachusetts corporation, organized for the purpose of 'doing a brokerage business in commercial paper, stocks, bonds and other property,' from whom the plaintiff company acquired it, the plaintiff's officers testified that the note was taken by

them in good faith and for value, before maturity, and the defendant introduced no testimony to contradict these officers: *Held,* that the defendant was entitled, nevertheless, to go to the jury on the question whether the plaintiff took the note for value and without notice of the fraud."

The trial court was probably misled by the language of the opinion in *Bank v. Burgwyn,* 110 N. C., 273, making a quotation from Daniel on Negotiable Instruments, sec. 819, without adverting to the facts stated in the case on appeal, and it is in reference to such facts that a decision is to be considered authority, from which it appears that the trial court in that case had submitted the question of the *bona fides* of plaintiff's purchase to the jury, and had not undertaken to determine it, as was done in the present case. The statement of the law contained in this section of Mr. Daniel's valuable work on Negotiable Instruments, sec. 819, has been subjected to adverse comment in the decisions on the subject, which we have adopted as law by our statute, and there is doubt if, since the enactment of this statute, it can be regarded as correctly expressing the rule for trial of causes affected by this section of the statute in reference to the burden of proof.

As heretofore stated, when fraud is proved or there is evidence tending to establish it, the burden is on the plaintiff to show he is a *bona fide* purchaser for value, before maturity and without notice, and the evidence must be considered as affected by that burden. If, when all the facts attendant upon the transaction are shown, there is no fair or reasonable inference to the contrary permissible, the Judge could charge the jury, if they believed the evidence, to find for plaintiff, the burden in such case having been clearly rebutted. But the issue itself and the credibility of material evidence relevant to the inquiry is for the jury, and it constitutes reversible error for the court to decide the question and withdraw its consideration from the jury.

There will be a new trial, and it is so ordered.

New Trial.