E. J. VAUGHAN v. W. P. EXUM ET AL.

(Filed 10 March, 1913.)

1. **Notes—Fraud—Misrepresentation—Other Acts—Evidence.**
    Where payment upon a note is resisted for fraud in its execution, evidence is incompetent which seeks to show that fraud had been practiced by the plaintiff in procuring similar notes from others who are not parties to the action.

2. **Notes—Fraud.**
    The burden is on defendant to show the fraud in the execution of a note which they allege as a defense in plaintiff's action to recover thereon, and a motion to nonsuit upon the evidence cannot be sustained.

3. **Vendor and Vendee—Contracts—Fraud—False Representations— Intent—Knowledge.**
    In this action upon a note given in the purchase of a stallion, wherein the defense of fraudulent misrepresentation is set up as to the value of the animal, or qualifications affecting the value, the charge of the court is not erroneous that the law does not deem it a fraud or false pretense for a seller of goods to puff his wares, etc.; but it would be otherwise if the representations of value were made as an inducement to the other party to enter the contract with the intent he should rely on them, which were false to the knowledge of the seller and relied on by the purchaser, who acted without knowledge.

APPEAL from *Carter, J.,* at November Term, 1912, of LENOIR. Civil action. These issues were submitted:

First. Is the plaintiff the owner of the note sued on in this action? Answer: Yes.

Second. Was the execution of the note induced by fraud and misrepresentation? Answer: No.

VAUGHAN v. EXUM.

Third. Was the plaintiff purchaser of said note in good faith, for value, and without notice of any fraud and misrepresentation?  Answer: ........

Fourth. What amount, if any, is plaintiff entitled to recover? Answer: $500 and interest from date of note.

Defendants appealed.

*C. G. Moore for plaintiff.*
*George V. Cowper and T. C. Wooten for defendants.*

BROWN, J.  This action is brought to recover on a sealed note for $500, executed by defendants to McLaughlin Brothers and indorsed to plaintiff.

It is alleged, and denied, that plaintiff is a holder in "due course."  Under the finding of the jury, it is unnecessary to consider this phase of the case.  Unless there is reversible error as to the first and second issues, the plaintiff is entitled to judgment.

There are a number of exceptions relating to testimony, most of them similar in character and equally without merit.

For illustration, we select two of the questions and answers excluded by the court in the deposition of plaintiff and excepted to by defendants:

"What defenses were usually interposed to the notes when sued upon?  A. I think that one of the answers was fraud— lack of consideration.

"Q. Has the defense of fraud or misrepresentation ever been interposed in any of the suits brought?  A. I won't be able to answer that until I see the pleadings in the case; two or three of them; I do not recall; I just remember one case."

It requires no argument or citation of authority to show that these questions and answers have no relevancy whatever to the issues in this case.

This action is brought to recover on a note admitted to be executed by the defendants.  The defenses set up are that the plaintiff is not the owner, that he is not a holder in "due course," and fraud in the execution.

Although it was admitted that the note sued on was given for part purchase money of a stock stallion, it is entirely irrelevant

and incompetent to prove what defenses were interposed in other actions on notes given for purchase money of other stock horses.

Upon the first issue the evidence is plenary that the plaintiff is the owner of the note, and the court might well have instructed the jury that if they believed the evidence to answer the first issue "Yes." But his Honor left the question open to the jury and stated the defendant's contentions upon the evidence with unusual clearness and particularity. They have nothing to complain of in that respect.

The motion to nonsuit could not possibly be sustained, as the burden of proof was on the defendants to make good their plea of fraud. *Bank v. Fountain,* 148 N. C., 590. Having failed to make good that plea, the plaintiff, being the owner of the note, is entitled to recover, whether he has proven that he is the owner in due course or not.

Upon the issue of fraud the defendants contended that the agent of McLaughlin Bros., the payees in the note, had made false representations in regard to the capacity of the horse as a foal-getter and as to value of the animal. There is no other evidence of fraud in the record.

The defendant excepts to this instruction upon the issue of fraud:

"The law does not deem it a fraud or false pretense for a seller of goods or property to puff his wares by bragging on them as men ordinarily brag upon the property they are selling; but representations of value, if they are made as an inducement to the other party to enter into the contract, and with the intention that the other party shall rely upon such representations, and such representations are false to the knowledge of the person making them—that is, of the vendor—and the vendee does rely upon such representation, and is induced to enter into the contract, the law deems that a fraud has been committed. To summarize this phase of the law, the court instructs you that assurances of value known to be false by the person making such assurances, and made and intended to be relied upon and which induced the contract, are fraudulent;

DAMERON *v.* LUMBER Co.

and this is especially true where one party knows the situation and the other party is ignorant of it."

This is a correct summary of the law and is supported by our precedents. *Hill v. Gettys,* 135 N. C., 375; *Cash Register Co. v. Townsend,* 137 N. C., 652.

The charge of the court presented every aspect of this case fully and fairly to the jury, and we find nothing in it of which defendants can justly complain.

No error.