J. E. LATHAM COMPANY v. E. C. ROGERS; FIRST NATIONAL BANK
OF MULLINS, S. C., INTERVENOR.

(Filed 1 December, 1915.)

**1. Bills and Notes—Negotiable Instruments—Fraud—Holder in Due Course
—Burden of Proof.**

Where it is established that the draft and acceptance sued on was
procured by the original payee by falsely and fraudulently representing
the character of wares or merchandise—the grade of cotton, in this case
—for which it was given, an intervenor in the action, claiming the in-
strument as a holder in due course, has the burden of proving that he
paid full value for the draft and that he was a *bona fide* purchaser, before
maturity and without knowledge of the infirmity.

**2. Pleadings—Answers—Admissions—Intervenors—Bills and Notes—Fraud—
Due Course—Trials—Directing Verdict.**

Where the defendant is sued for damages for fraudulently and falsely
representing the grade of cotton sold and delivered to the plaintiff, for
which the latter had given his acceptance, and an intervenor in the
action claims as a holder of the paper in due course, it is reversible
error for the court to admit the defendant's answer in evidence, which
admits that the plaintiff is a *bona fide* holder of the draft in due course,
without notice of the infirmity in the instrument, when the controversy
is solely between the plaintiff and the intervenor; and the statements in
the answer being of no more effect than the defendant's *ex parte* affidavit,
it is proper for the trial judge to direct a verdict for the plaintiff, if the
evidence is found by the jury as a fact, in the absence of other evidence.

APPEAL by plaintiff from *Lyon, J.,* at June Term, 1915, of GUIL-
FORD.

Civil action tried upon these issues:

1. Did the defendant E. C. Rogers procure from the plaintiff, J. E.
Latham Company, the acceptance and payment of the draft described
in the complaint by falsely and fraudulently representing by his in-
voices the grades of the cotton covered by said invoices, and paid for by
said drafts? Answer: Yes.

2. What amount of damages, if any, is plaintiff entitled to recover
of the defendant? Answer: One thousand dollars.

3. Did the intervenor, the First National Bank of Mullins, South
Carolina, purchase said drafts for value before maturity in good faith,
and without notice of any infirmity, defect or fraud therein? An-
swer: Yes.

From the judgment rendered plaintiff appealed.

*Brooks, Sapp & Williams for plaintiff.*
*Justice & Broadhurst, Thomas S. Beall for intervenor.*
*No counsel for defendant Rogers.*

BROWN, J. This action is brought to recover damages against de-
fendant Rogers on account of false and fraudulent representation of

the grades of a certain lot of cotton covered by invoices attached to certain drafts. The jury assessed the damages of the plaintiff against the defendant at the sum of $1,000.

As there is no appeal by defendant Rogers, it must be taken that there are no errors arising upon the findings of the jury in respect to him. The only assignments of error, therefore, to be discussed relate to the third issue.

The first assignment of error is because the court allowed the intervenor to introduce in evidence upon the trial four paragraphs of the defendant Rogers' answer. These paragraphs tend to prove that the intervenor paid Rogers full value for the drafts, the proceeds of which have been garnisheed in this action. The issue of fraud having been found against defendant Rogers, the burden of proof then rested upon the intervenor to satisfy the jury that it paid full value for the drafts and that it was a *bona fide* purchaser without knowledge of the infirmity. *Bank v. Fountain,* 148 N. C., 590; *Bank v. Exum,* 163 N. C., 203.

*Bank v. Brown,* 160 N. C., 24, is relied upon by the intervenor to establish the proposition that the burden rests upon the plaintiff to show that the intervenor had knowledge of the infirmity. In that case there was no finding of fraud and no evidence tending to show it, and, therefore, the burden of proof was not shifted; and if the construction placed upon that opinion by the intervenor's counsel is warranted, then the language used by the judge was inadvertently used. It is undoubtedly well settled that where fraud is shown in the execution of the note, or other evidence of debt, the holder thereof who claims to be a *bona fide* purchaser for value without notice must satisfy the jury of those facts.

We think the assignment of error must be sustained. There was no issue raised by the pleadings or submitted to the jury between the intervenor and defendant Rogers. The whole contest, in respect to the third issue, was between the plaintiff and the intervenor. Rogers' answer was, therefore, nothing more than an *ex parte* affidavit and was evidently offered for the purpose of getting before the jury Rogers' statement to the effect that the intervenor was a *bona fide* purchaser of the drafts for value. The proper method would have been to have put Rogers on the witness stand or to have taken his deposition in the regular way.

It is said, however, that the court admitted the answer only as against Rogers and not as against the plaintiff. Assuming that to be true, the court should then have given the plaintiff's prayer for instruction, namely, that if the jury believe the evidence, they should answer the third issue "No." For there was no other evidence offered by the intervenor except the answer of Rogers, and if that was offered only against Rogers, then there was no evidence as against the plaintiff tending to

prove that the intervenor was a *bona fide* purchaser in good faith for value.  So, whichever way you take it, there was error, for which there must be a

New trial.