**J. C. STOUFFER vs. CHARLES A. CURTIS.**

Suffolk. March 3, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes*, Delivery. *Evidence*, Presumptions and burden of proof.

In an action upon a bill of exchange, the declaration alleged that the drawer of the bill, which was payable to the drawer's order, indorsed it to the plaintiff for value before maturity. The answer specifically denied that the bill was delivered. At the trial, the evidence for the plaintiff was a deposition by the drawer in which he stated that he had signed the bill, that he had it "in his possession," and that he annexed it, "with the indorsements thereon, to his deposition." The defendant introduced no evidence, but requested that a verdict be directed in his favor. The request was refused. *Held*, that a verdict should have been directed for the defendant since there was no evidence that the drawer, who also was the payee, had delivered the bill of exchange.

An instrument in the form of a bill of exchange payable to the order of the drawer does not come into existence as a bill of exchange until it is delivered as well as indorsed by the payee.

At the trial of an action upon a negotiable instrument, where the answer denies

but the evidence of the plaintiff tends to prove, the signatures on, the delivery of and the consideration for the instrument, and the defendant introduces no evidence but does not admit the truth of the facts which the plaintiff's evidence tends to prove, it is error for the presiding judge to direct a verdict for the plaintiff.

CONTRACT upon two bills of exchange. Writ in the Municipal Court of the City of Boston dated September 20, 1905.

The declaration alleged as to each bill that the drawer, Lyon-Taylor Company, " Endorsed said bill to the plaintiff for value and before maturity." The indorsements upon the bills, in order, were as follows: "Pay J. C. Stouffer or order, Lyon-Taylor Co. by M. H. Taylor." " J. C. Stouffer." " Pay any Bank or Banker or order, Johnson County Savings Bank, Iowa City, Iowa, Wm. A. Fry, Cashier."

The answer specifically denied the signatures to the indorsements; alleged fraud in the procuring of the defendant's signature, and that the instruments were drawn and delivered without consideration; denied that " the instruments set forth in the plaintiff's declaration were ever endorsed by the payee thereof and delivered to the payee or to any other person, and especially " denied " the signature of the payee therein."

There was a trial before *Hardy*, J. At the close of the plaintiff's evidence, which is stated in the opinion, the defendant rested. Exceptions taken by the defendant to rulings and refusals to rule on the part of the presiding judge are stated in the opinion.

The case was submitted on briefs.

*D. W. Murray & P. D. Morris*, for the defendant.

*T. C. Bachelder & L. W. Hall*, for the plaintiff.

LORING, J. This is an action against the acceptor of two bills of exchange payable to the Lyons-Taylor Company, the drawer. They purported to be indorsed: " Lyons-Taylor Co. by M. H. Taylor." The delivery of the bills was specifically denied by the answer.

The only evidence introduced by the plaintiff was the bills which were annexed to the deposition of M. H. Taylor, and the deposition of that witness. Taylor testified that he had authority to sign the name of the firm on negotiable paper, " that he had in his possession the bills of exchange declared upon," and

"that he annexed the bills of exchange with the indorsements thereon to his deposition."

The defendant asked that the jury be directed to return a verdict in his favor. This was refused and an exception was taken.

The presiding judge directed the jury to return a verdict for the plaintiff, and to this an exception was taken.

We are of opinion that both exceptions must be sustained.

1. Counsel for the plaintiff in their brief state that the two bills of exchange had been sent by the plaintiff to Taylor in order that he might annex them to his deposition. But that is just what was lacking in the plaintiff's evidence. All the evidence introduced by the plaintiff on the issue of delivery was that Mr. Taylor, who acted in the matter for the firm, who drew the bills and was the payee of them, had them in his possession when he gave his deposition. So far as the evidence went, therefore, they never were delivered. On the evidence the jury should have been directed to return a verdict for the defendant for want of evidence of delivery. An instrument in the form of a bill of exchange payable to the order of the drawer does not come into existence as a bill of exchange until it is delivered as well as indorsed by the payee. R. L. c. 73, § 33. *Commonwealth* v. *Dallinger*, 118 Mass. 439. *Adams Bank* v. *Jones*, 16 Pick. 574. *Prescott* v. *Brinsley*, 6 Cush. 233.

2. It does not appear that the defendant did not wish to go to the jury on the truth of the facts testified to by Taylor. He had a right to ask the jury to disbelieve every fact testified to by him. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314, and cases there collected. See particularly *Commonwealth* v. *McNeese*, 156 Mass. 231. *Devine* v. *Murphy*, 168 Mass. 249. For that reason, a verdict for the plaintiff could not have been ordered as matter of law had the plaintiff's evidence been sufficient.

*Exceptions sustained.*