HYMAN PHILLIPS *vs.* NATHANIEL A. ELDRIDGE & another & trustee.

Barnstable.   January 15, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Bills and Notes.   Evidence,* Presumptions and burden of proof.

In an action on a negotiable promissory note, where the defendant has introduced evidence that the note was obtained from him by duress of the payee who indorsed the note to the plaintiff, if this evidence is believed, the burden is on the plaintiff to prove that he was a holder in due course as defined in R. L. c. 73, § 69.

Where in such an action the defendant called the plaintiff and the payee as adverse witnesses and they gave testimony which, if believed, would warrant a finding that the plaintiff was a holder in due course, and this testimony was uncontradicted by any other witnesses, the presiding judge was held not to have been justified in ordering a verdict for the plaintiff, because the jury were not bound to believe the testimony of the plaintiff and the payee any more than if they had been called as witnesses by the plaintiff himself, and it was the duty of the judge to submit the case to the jury.

In the present case a part of the testimony of the two witnesses, if it was believed without believing the rest of their testimony, would have warranted a finding that the plaintiff was not a holder in due course.

CONTRACT on a promissory note of Nathaniel A. Eldridge and Ethel E. Eldridge, his wife, for $1,385 payable to Edward F. Gleason on October 9, 1913, with interest at the rate of six per cent per annum, indorsed by Gleason to the order of the plaintiff and indorsed by the plaintiff in blank.

The answer alleged that the plaintiff was not a holder in due course and that he had notice of the infirmities of the note, that the note was procured from the defendants by the payee Gleason

by threats of imprisonment of the defendant Eldridge and that the free will of the defendants was overpowered by duress when they were induced to sign the note, which they now repudiated, of all which the plaintiff was alleged to have had notice when the note was negotiated to him.

In the Superior Court the case was tried before *Ratigan,* J. At the close of the evidence, which is described in the opinion, the judge ordered the jury to return a verdict for the plaintiff in the amount of the note with interest at the rate of six per cent per annum from the date of the note, which was October 9, 1911. The defendants alleged exceptions.

*G. C. Dickson,* for the defendants.

*D. Stoneman & A. I. Stoneman,* for the plaintiff, submitted a brief.

LORING, J. There was evidence that the note here in suit was procured by duress practiced by the payee on the makers. If that evidence was believed, the plaintiff to recover had the burden of proving that he was a holder in due course as defined in R. L. c. 73, § 69. The plaintiff and the payee, when called as adverse witnesses by the defendants, testified to facts which would have warranted a finding that the plaintiff was a holder in due course. But the jury were not bound to believe their testimony, although uncontradicted, and therefore a verdict for the plaintiff could not have been directed as matter of law.

When testimony warranting a finding that the plaintiff was a holder in due course of a note originating in fraud is given by witnesses called by the plaintiff, it is settled that a verdict cannot be directed for the plaintiff as matter of law. *Merchants' National Bank* v. *Haverhill Iron Works,* 159 Mass. 158. *Stouffer* v. *Curtis,* 198 Mass. 560. And see generally in this connection *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314; *Demelman* v. *Brazier,* 198 Mass. 458, 465; *Giles* v. *Giles,* 204 Mass. 383, 385; *Leary* v. *William G. Webber Co.* 210 Mass. 68.

The fact that the testimony in the case at bar was given by witnesses called by the defendants as adverse witnesses does not change the result. That was in effect decided in *Emerson* v. *Wark,* 185 Mass. 427.

It should be added that the testimony given by the adverse witnesses in the case at bar did not have to be disbelieved *in toto* to

warrant a finding in favor of the defendants. The plaintiff testified that in case the note sued on was not paid by the defendants no credit was to be allowed to the payee by reason of the transfer of the note to him by the payee. This testimony, taken in connection with the intimacy between the plaintiff and the payee and the payee's testimony that he was to give the makers credit for $826 in the event of the sale of one of the cranberry bogs,* justified a finding that the plaintiff was not a holder in due course even if the story told by the plaintiff and the payee was not disbelieved *in toto.*

There is nothing in the cases cited by the plaintiff which requires special notice.

*Exceptions sustained.*

---

* Gleason had charged the defendant Eldridge with cheating him in the matter of the sale to him of two cranberry bogs by Eldridge who had procured them from their owners and had misrepresented to Gleason the prices he had paid. The note was demanded by Gleason as a payment of the money improperly obtained by Eldridge in these transactions.