LAURENCE P. DODGE *vs.* H. ASHLEY BOWEN.

Suffolk. March 15, 1928. — June 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Delivery, Indorser, Holder in due course. *Evidence*, Competency, Extrinsic affecting writing, Presumptions and burden of proof, Inference, Of fraud, Hearsay. *Practice, Civil*, Ordering verdict.

If, at the trial of an action by the holder of a promissory note, indorsed by the payee in blank, against the maker, the plaintiff introduces the note and the notary's certificate of protest with the attached notice; and it

is undisputed that the defendant signed and delivered the note, that the indorser's signature is genuine, and that the note has not been paid, sufficient is shown *prima facie* to support the action.

At the trial of the action above described, the defendant pleaded the defences of lack of consideration and failure of consideration; that the plaintiff was not a holder in due course; that the note was obtained by fraudulent representations; that it was delivered to the payee upon a condition precedent as to the delivery of stock to the defendant, which never was performed, and upon a condition that the note should not be negotiated by the payee. The plaintiff testified that, acting on behalf of a firm of which he was a member, before maturity he took the note without discount from one S, for whom he believed the payee was acting, and gave the firm's check payable to the payee for the amount of the note; that he made no inquiry as to the transaction which gave rise to the note; that he took the note as a matter of friendly accommodation of S; that shortly after the note was protested at maturity he secured possession of it from the firm's cashier and assumed personal responsibility for it; that he turned it over to S for collection; that later he got it back from S; and that he did not know until the time of the trial that S had brought a previous action upon the note. At the close of the evidence, the judge ordered a verdict for the plaintiff for the amount of the note, and the defendant alleged exceptions. *Held*, that

(1) A question asked of the plaintiff, "Do you remember whether or not you heard one of his [the defendant's] defences was, it [the note] was delivered to him [the payee] on condition that he [the defendant] should receive the stock?" properly was excluded because the answer would be hearsay;

(2) Since the oral agreement alluded to in such question, being in contradiction of the unconditional promise to pay contained in the note, would not constitute a defence, it was immaterial whether the plaintiff had knowledge of such agreement; and the exclusion of the question was not prejudicial to the defendant;

(3) Such oral agreement would not show a conditional delivery of the note;

(4) A question asked of the plaintiff, "Did you authorize . . . [S] to employ an attorney for you?" properly was excluded; such evidence did not warrant an inference that the plaintiff, at the time he took the note for his firm, had knowledge of the then existing facts;

(5) It was error to exclude certain questions asked of the plaintiff by the defendant which, taken in connection with an offer of proof, were designed to show that the note was obtained from the defendant by false representations made to the defendant by an agent of the payee, and to rule that, before the defendant could show such a defence, he must show what knowledge thereof the plaintiff had when he took the note; the evidence offered was competent to show fraud as a defect, under G. L. c. 107, § 78, in the title of one who had negotiated the note, thereby under G. L. c. 107, § 82, casting upon the plaintiff the burden of showing that he was a holder in due course;

(6) It was not erroneous to exclude such evidence in so far as it was designed to show a failure of consideration;

(7) A question asked of S, if he told the plaintiff that the defendant had not paid the note and if he (S) alleged certain reasons why it had not been paid, properly was excluded whether the plaintiff was deemed to have taken the note before or after maturity;

(8) The verdict erroneously was ordered for the plaintiff and the exceptions must be sustained.

CONTRACT upon a promissory note. Writ dated December 8, 1926.

In the Superior Court, the action was tried before *Flynn*, J. Material portions of the pleadings and the evidence, together with evidence excluded and an offer of proof by the defendant, are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $1,103.21. The defendant alleged exceptions.

The case was argued at the bar in March, 1928, before *Rugg*, C.J., *Braley, Pierce, Wait, & Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*E. J. Flynn*, (*A. L. Baker* with him,) for the defendant.

*D. L. Smith*, for the plaintiff.

PIERCE, J. This is an action of contract on a promissory note. The defendant in his amended answer set up in defence a general denial and a denial of the genuineness of all signatures and indorsements; that the note was made without consideration; that there has been a total or partial failure of consideration; that the plaintiff is not a holder in due course and is and was at all times aware that the consideration for the note had failed; that the note was obtained by fraudulent misrepresentations of material facts; that it was delivered to the payee on a condition precedent which was never performed; that the note was delivered to the payee upon the condition that until the payee delivered certain shares of stock to the defendant the latter should not be liable upon the note, and upon the further condition that the note should not be negotiated by the payee; that the payee never delivered or tendered the stock to the defendant; that any obligations imposed on the defendant by the note were waived by the plaintiff before breach by the defendant, and that the "note was discharged by a notation before breach by the defendant."

At the trial the plaintiff produced and offered the note which was dated November 6, 1925, due sixty days after date, payable to the order of "W. F. Perry, Treas.," signed by "H. Ashley Bowen," and indorsed in blank by the payee. He also offered the notary's letter of protest with the attached notice, and thereupon rested. It was undisputed that the defendant signed, executed and delivered the note sued upon. The genuineness of the indorser's signature was admitted and that the note had not been paid. The foregoing is *prima facie* sufficient to support the action. *Beacon Trust Co.* v. *Barry*, 260 Mass. 449.

After the defendant had introduced certain evidence, and had made an offer of proof which was excluded, the judge on motion of the plaintiff directed a verdict in his favor. The case comes to this court on exceptions to the order directing the verdict and to the exclusion of evidence.

The first witness called by defendant was the plaintiff. From his testimony it appeared that on November 11, 1925, the plaintiff, acting in behalf of Blake Brothers and Company of which he was a member, took this note for $1,000 without discount from one Smith, and gave in return the firm's check for $1,000. The note was placed in the custody of the cashier. Blake Brothers and Company's check was made payable to "W. F. Perry, Treas.," in whose name the note stood, in accordance with the "usual procedure." The plaintiff further testified that he knew Perry and Smith; that he believed the former was acting for the latter, and he made no inquiry as to the transaction which gave rise to the note; that it was taken as matter of accommodation for Smith who, the witness knew, had had some financial difficulties; that Blake Brothers and Company deposited the note for collection with the State Street Trust Company; that it was sent to Lynn for collection and came back unpaid and protested; that the plaintiff then assumed ownership of and responsibility for it; and turned it over to Smith who assured him he could collect it; that he could not state definitely when he personally took the note but that there must have been some entry of it on Blake Brothers and Company's books.

The plaintiff identified certain ledger cards belonging to

Blake Brothers and Company's bookkeeping system, and under an account entitled "E. E. Smith, Inc." pointed out as the record of the transaction a debit entry of $1,000 on November 11, 1925, described as cash "W. F. Perry." There was no discount charged when the note was taken although at the time Smith owed Blake Brothers and Company about $8,500.    In the mind of the witness there was no distinction between Smith and Ernest E. Smith, Inc.    He testified that it was not a business transaction but a friendly accommodation for Smith.    The "E. E. Smith, Inc." account was later changed to Perry's name and a credit entry of $1,500, dated January 29, 1927, was pointed out as one which might indicate when the plaintiff became charged with the note, although he insisted he assumed responsibility personally for it within a few days after it came back protested on January 5, 1926.    He testified further that he got possession of the note from the cashier of Blake Brothers and Company a few days after January 5, 1926, turned it over to Smith to collect and later got it back from Smith and kept it in his personal desk; that when he took the note from the cashier he told the latter it was his (the plaintiff's) personal liability to the firm; that he is unable to say whether the entry of January 29, 1927, is the one indicating when he became charged with the note; that he had no knowledge of any suit brought by Smith on the note until the time of the trial in the case at bar; that he learned what the defendant's defences to the note were when Smith returned the note to him, but that he did not learn until trial of the present case that one defence was that the note was given on condition that it should not be negotiated.

The defendant's first exception is to the exclusion of the following question which the defendant asked the plaintiff on direct examination: "Do you remember whether or not you heard one of his defences was, it was delivered to him on condition that he should receive the stock?"    If the question were designed to establish the truth of the defence mentioned therein it would be improper because hearsay. But even if the question were designed to establish the plaintiff's knowledge of a ground upon which the suit was

defended it was not prejudicial to exclude it: all the evidence subsequently offered by the defendant to show that his liability on the note was conditional on his receiving stock from the payee relates to an oral agreement. The note, which is in the record, contains an unconditional promise to pay. It would violate the parol evidence rule if the defendant were permitted to show an oral agreement that the liability on the note was to be conditional. *Zielmann* v. *Copelof*, 232 Mass. 393, 396. *Buckley* v. *Hacking*, 258 Mass. 525. Since the agreement alluded to in the question excluded would not have been a defence because of the parol evidence rule, it would be immaterial whether the plaintiff had knowledge of it. This cannot be deemed to be a mere case of conditional delivery, because what the defendant describes as a "condition" is revealed by his offer of proof to have been a promise by an agent of the payee to deliver the stock. The offer of proof states "I [the defendant] expected the stock would come through in exchange for the note." Such agreement as is offered to be shown does not show conditional delivery but rather an absolute delivery with conditional liability on the promise contained in the note. See G. L. c. 107, § 38. Brannan, Negotiable Instruments, (4th ed.) 135. *Zielmann* v. *Copelof, supra*. Compare *Hill* v. *Hall*, 191 Mass. 253, 265.

The second exception relates to the exclusion of the question put by the defendant to the plaintiff, "Did you authorize Smith to employ an attorney for you?" It appeared from other portions of the plaintiff's testimony that when the note was first brought to his notice he purchased it for the partnership of which he was a member; that after maturity and after demand, refusal and protest, he took the note as his personal responsibility and turned it over to Smith, who assured him he could collect it; and that the plaintiff had no intimation that Smith was going to bring suit on the note. A suit was brought by Smith on the note, in which the plaintiff's attorney in the present case was attorney for Smith. The suit was discontinued. The defendant contends that if the question were answered favorably to him it would show a close and intimate relationship between the

plaintiff, Smith and Ernest E. Smith, Inc., and the probability of the plaintiff's knowledge of the facts as they were when the note was given. The evidence does not warrant the inference that when the plaintiff took the note for Blake Brothers and Company he knew of the facts existing when the note was given. It was necessary to show such knowledge on the part of the plaintiff, as otherwise Blake Brothers and Company would be holders in due course. G. L. c. 107, §§ 81, 82.

The defendant's exceptions three to six inclusive are taken to the exclusion of a series of questions put to the witness Smith with a purpose to establish defects in title of parties prior to the plaintiff who had negotiated the instrument. The judge placed the exclusion on the ground that before the defendant proved any equitable defences, he would have to show what knowledge the plaintiff had when the note was bought. We think this ruling was error. "The burden of proof was on the plaintiff throughout the trial to show that it was a holder in due course. . . . [as the validity of the defendant's signature was admitted] the note was *prima facie* sufficient to support the action. G. L. c. 107, §§ 74, 82." *Beacon Trust Co.* v. *Barry*, 260 Mass. 449. *Haller* v. *Workingmen's Co-operative Bank*, 263 Mass. 37, 39. In the absence of anything to the contrary this is enough to support the burden of proof resting on the plaintiff to show he was a holder in due course. *Parker* v. *Roberts*, 243 Mass. 174, 177. *Farber* v. *Sackett*, 255 Mass. 569, 570. G. L. c. 107, § 82, however, further provides: " . . . but when it is shown that the title of any person who has negotiated the instrument was defective the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course." In the case at bar, if the defendant proves that the title of any person who has negotiated the instrument was defective, the presumption arising by the first clause of § 82 is destroyed, and the plaintiff has the duty of producing evidence that he or somebody through whom he took the note was a holder in due course at the time the instrument was acquired. *Phillips* v. *Eldridge*, 221 Mass. 103, 104.

The ruling of the judge that the defendant had to show knowledge in the plaintiff before showing a defect in title of some person who had negotiated the note was incorrect. It was enough if shown that the title of some person who had negotiated the instrument was defective. It was then incumbent upon the plaintiff to show he was a holder in due course. *Phillips* v. *Eldridge, supra.* If the questions excepted to had a tendency to show a defect in the title of any person who had negotiated the instrument, it was error to exclude them. The "rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." G. L. c. 107, § 82.

The four questions in controversy, put to the witness Smith, are as follows: "At sometime were you interested in the securities of the Springfield Arena, Incorporated?" "Do you know what the consideration for this note was?" "Do you know what the consideration for this note was between maker and payee?" "What are your business relations with W. F. Perry?" A proper response to these questions would not afford any immediate evidence of a defect in title of one who had negotiated the instrument. The last three are cast in the present tense and even if it be assumed that the answers would have been favorable to the defendant, nevertheless if they were answered pertinently they would have afforded no evidence of a defect in title. The first question is obviously too vague as to time to bring out evidence of a defect in the title of any party to the instrument. After the exclusion of this first question, however, counsel stated that he wished to make an offer of proof, and the judge agreed that he might make it later. Therefore, a fair treatment of the evidence requires that the offer of proof be considered in connection with these questions. From the offer of proof it might be found that the defendant was induced to make the note relying on certain material representations with respect to the affairs of the Springfield Arena, Inc., the stock of which was to be the consideration for the note; that one of these representations was that the corporation had secured the lease of a large arena; that this representation was false and, in view of the nature of the projected enterprise, that

the misrepresentation was with respect to a material fact. This evidence would be enough to establish fraud in obtaining the note from the maker. Although the misrepresentation was made by Paul, he was the agent of Perry, according to the offer of proof, and the latter is bound by the fraud of the former. *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 207.

The four questions which are the subject of discussion were sufficient in form for an examination into the issue of fraud. In so far as the offer of proof tended to show fraud it was proper, because fraud in obtaining the note was a defect in title within the meaning of G. L. c. 107, § 78, which would throw upon the plaintiff the burden of establishing that he, or someone under whom he claims, acquired title as a holder in due course. G. L. c. 107, § 82. *Lewiston Trust & Safe Deposit Co.* v. *Shackford,* 213 Mass. 432. *Levison* v. *Lavalle,* 243 Mass. 47, 50. *Fillebrown* v. *Hayward,* 190 Mass. 472, 482. *Phillips* v. *Eldridge, supra,* applies the rule in connection with a directed verdict for the plaintiff. It is evident that under the statute, G. L. c. 107, § 82, a verdict cannot properly be directed for the plaintiff.

There was no error however in excluding the offer of proof in so far as it was designed to show failure of consideration. G. L. c. 107, § 81. For the purposes of this branch of the case Blake Brothers and Company must be deemed holders in due course. G. L. c. 107, § 82.

The seventh exception relates to the exclusion of the question put to Smith: "did you tell him (Mr. Dodge) that the note had not been paid and that Mr. Bowen had not paid it, and allege certain reasons why he had not paid it?" Whether Dodge be deemed to have become a holder of this note when it was taken for Blake Brothers and Company by reason of his membership in that partnership, or whether he be deemed to have taken it after maturity, this inquiry is immaterial. In the former event the question if favorably answered would show knowledge only after taking; and in either event, G. L. c. 107, §§ 81, 82, would require the exclusion of the question.

The remaining exceptions relate to the admissibility of the offer of proof and to the direction of the verdict for the

plaintiff. These are covered by the foregoing discussion. The proof offered should have been admitted, and the verdict was improperly directed for the plaintiff.

*Exceptions sustained.*