OLD KENTUCKY DISTRIBUTING CORP. *vs.* WILLIAM G. MORIN.

JUNE 5, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.   This action of the case in assumpsit was tried in the Superior Court.   At the close of the testimony each party moved for a directed verdict.   The trial justice directed the jury to return a verdict for plaintiff and denied defendant's motion.   The case is before this court on defendant's exceptions to these rulings.

This case arises from dealings between the parties relating to the sale and purchase of warehouse receipts covering whiskey in a United States government bonded warehouse. The sale or purchase of such receipts is not prohibited by the National Prohibition Act but the liquor covered by such receipts may be withdrawn from the warehouse only on permit issued by certain government officials.

February 8, 1923, plaintiff's president and vice-president called upon defendant.   Defendant was conducting a retail drug store.   He was familiar with the method of obtaining whiskey by purchasing warehouse receipts and withdrawing

the whiskey from the warehouse on government permit. He had such a permit which expired December 31, 1922. As a result of the call of plaintiff's officers defendant signed a printed order wherein he agreed to purchase from plaintiff warehouse receipts for 105 cases of whiskey in bond for $2,200 and acknowledged the receipt of 6 contracts for the same. In payment for the warehouse receipts defendant signed and delivered to plaintiff's officers two checks for $500 and 17 serial promissory notes for the balance of $1,700. Defendant stopped payment on the checks the next day and refused to pay the notes. Plaintiff commenced this action after 5 of the notes had become due. The declaration contains counts only on the checks and the notes.

Plaintiff proved a *prima facie* case by producing in evidence the checks and the notes. *Kirk* v. *Ball*, 45 R. I. 93. Plaintiff also produced the order signed by defendant. Defendant produced in evidence the 6 contracts referred to in the order. He testified that he signed the order contracts, checks and notes because plaintiff's officers told him they would fix it so he could withdraw the whiskey from the warehouse during the year 1923 on his 1922 permit; that, upon learning from the local government officers that this could not be done, he refused to pay the checks and the notes. Plaintiff's officers denied that they told defendant they would fix it so he could withdraw the whiskey on his 1922 permit.

Plaintiff's motion for a directed verdict was on the ground that, as defendant knew the law required him to obtain a permit in 1923 if he wished to withdraw whiskey from the warehouse during that year, he was not deceived by the alleged statement of plaintiff's agents to the contrary and therefore was not justified in refusing to pay his checks and notes. The trial justice agreed with this contention and directed a verdict for the full amount of the checks and notes, with interest, viz., $2,948. In considering defendant's exception to this ruling it is necessary to determine

whether the contract was executory or executed and, if the former, the measure of damages for its breach.

This action, being brought by the original payee of the checks and notes, was open to the defense of failure of consideration and misrepresentation. § 3039, G. L. 1923. It is a general rule that when notes are executed with other instruments at the same time, for the same purpose and in the course of the same transaction, they are to be considered as one instrument and are to be read and construed together. 3 R. C. L. 870; 8 C. J. 196; *Kessler Co.* v. *Lally*, (Minn.) 123, N. W. 921. The question whether a sale of personal property is complete or only executory is to be determined from the intent of the parties as gathered from the contract, the situation of the thing sold and the circumstances surrounding the sale. *Hood* v. *Bloch et al.*, 11 S. E. (W. Va.) 910. The contract in this case was executory. By the terms of defendant's order the warehouse receipts were to be delivered to him upon payment of his notes as they matured. Plaintiff did not agree to deliver the warehouse receipts to defendant until he had paid for them. Neither title nor property in the warehouse receipts passed to defendant and plaintiff never tendered them to defendant.

Defendant repudiated his agreement to purchase the warehouse receipts by refusing to pay his checks and notes. What is plaintiff's measure of damages for defendant's breach of the executory contract? Plaintiff contends that it is the face of the notes and checks, the purchase price of the warehouse receipts. This contention can not be sustained. The cases are almost unanimous in holding that for breach of an executory contract for the sale of goods the seller can not recover the contract price but his remedy is limited to an action for damages for breach of the contract. *Fairbanks, Morse Co.* v. *Heltsley*, (note) (Ky.), 26 L. R. A., N. S. 248; *Acme Food Co.* v. *Older*, (note) (W. Va.), 17 L. R. A., N. S. 807. In this well considered case it was held that in an action on a note by the vendor, where vendee had repudiated his contract before title to the goods had passed,

vendor's recovery on the note was limited to the amount of his damage. In *Valley Dew Distilling Co.* v. *Messner*, (Colo.) 115 P. 531, it was held that defendant was not liable on his note given for whiskey purchased on an executory contract. See also *Tufts* v. *Bennett*, 163 Mass. 398; 24 R. C. L. 102. In *Thompson* v. *Alger*, 12 Met. 428, it was said that this rule would apply for breach of a contract to purchase shares of railroad stock if defendant had repudiated his contract before any transfer of the stock had been made to him on the books of the corporation. From what we have said it follows that the trial justice erred in directing a verdict for plaintiff for the amount of the checks and notes,—the purchase price of the warehouse receipts. Plaintiff's damages are unliquidated and must be assessed by a jury.

Defendant urges his exception to the denial of his motion for a directed verdict. It is a settled principle of law that in deciding such a motion all reasonable inferences from the evidence must be made in favor of the adverse party. Applying this principle to the evidence we find defendant's motion to be without merit.

Defendant's exception to the direction of a verdict for plaintiff is sustained; his other exceptions are overruled, and the case is remitted to the Superior Court for a new trial.

*Edward C. Stiness, Francis J. O'Brien*, for plaintiff.
*Rosenfeld & Hagan, C. Bird Keach*, for defendant.