BEACON TRUST COMPANY *vs.* ROBERT L. RYDER & another.

Suffolk.    October 8, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Bills and Notes,* Holder in due course, Indorser. *Evidence,* Presumptions and burden of proof, Relevancy. *Practice, Civil,* Exceptions.

In an action by an indorsee against the maker and an indorser of a negotiable promissory note, the title of the payee is not " shown " to be " defective " within the meaning of G.L. c. 107, § 82, so that the plaintiff ceases to be *prima facie* a holder in due course and is charged with the burden of proving that he or some person under whom he claims acquired title as a holder in due course, merely by the introduction of testimony that the payee's title was defective: before such statutory provision can operate, it must appear that such testimony is believed, so that the fact is proved.

At the trial of an action of the character above described, it was proper to refuse to rule that "When testimony warranting a finding that the note in suit was negotiated in breach of faith by the payee has been introduced, the burden of proof is then upon the plaintiff to show that he is a holder in due course."

At the trial of the action above described, it was not error to refuse to rule that "If it was understood or was a course of dealing between the plaintiff and the payee of the note in suit that, if the note was not paid at maturity by the defendants in this case the account of the payee [with the plaintiff] was to be charged, then the plaintiff is not a holder in due course."

The plaintiff in the action above described was a trust company. The note was payable to one R and was indorsed by him in blank under the name of the defendant indorser. R was not a defendant. The following questions, asked of the plaintiff's president, were excluded: (1) "Now I will ask you whether or not the . . . [plaintiff] is indifferent to the outcome of this suit?" (2) "It is . . . [R's] note which he controls, and the suit here is brought in the name of the . . . [plaintiff] for his use, is it not?" and (3) "The suit here is brought in the name of the . . . [plaintiff] for the use of . . . [R,] is it not?" The witness testified "the note belongs to the bank." *Held,* that, the first question being immaterial to any issue on trial and the other questions having been answered in substance, no prejudicial error was shown in the exclusion of the questions.

CONTRACT upon a promissory note described in the opinion. Writ dated September 20, 1929.

In the Superior Court, the action was heard by *Fosdick,* J., without a jury. Material evidence and rulings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $21,050. The defendants alleged exceptions.

*R. B. Owen,* for the defendants.

*R. Clayton,* for the plaintiff.

FIELD, J. This is an action of contract brought against Robert L. Ryder and Charles W. Ryder on a promissory note for $20,000, dated March 18, 1929, and payable to Morris Rudnick six months after date, purporting to have been made by the defendant Robert L. Ryder, indorsed in blank by the defendant Charles W. Ryder, "Waiving demand notice and protest," and indorsed in blank also by Morris Rudnick and "E. S. Company, Inc. Morris Rudnick, Treas." The declaration alleges that the defendant Charles W. Ryder indorsed the note on March 18, 1929, that on its due date it was protested for nonpayment and

notice thereof given to said defendant and that " said Morris Rudnick, before delivery of said note to the plaintiff for a valuable consideration, indorsed said note in blank." The defendants answered by a general denial and denial of their signatures, and further alleged that the note " was made without consideration," " was never delivered," and was " fraudulently transferred " by the payee " to the plaintiff in violation of an agreement with the defendants," that the plaintiff is not a holder in due course and that the consideration for the note has failed wholly or in part. The case was tried by a judge sitting without jury.  There was evidence that the signatures on the note were the defendants', and that the note was delivered by Rudnick to the plaintiff before its maturity and discounted by the plaintiff, and other evidence on the issues raised by the pleadings, which need not be recited.  The judge found for the plaintiff in the amount of the note, and the defendants excepted to his refusals to rule as requested by them and to the exclusion of certain evidence offered by them.

. We consider only the exceptions argued or briefed by the defendants, others being treated as waived. *Adams* v. *Hannah*, 266 Mass. 101, 105.  *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501, 519, 521, and cases cited.

*First.*  It was not error to refuse to rule, as requested by the defendants, that " When testimony warranting a finding that the note in suit was negotiated in breach of faith by the payee has been introduced, the burden of proof is then upon the plaintiff to show that he is a holder in due course."  This requested ruling did not state the law correctly.  Under the statute the holder of a negotiable instrument " is deemed prima facie to be a holder in due course " and no further burden rests upon him " to prove that he or some person under whom he claims acquired the title as holder in due course " unless " it is shown that the title of . . . [some] person who has negotiated the instrument was defective " (G. L. c. 107, § 82), which may be done by showing that the payee negotiated it " in breach of faith."  G. L. c. 107, § 78.  Defective

title in the payee is not " shown," within the meaning of the statute, by the introduction of " testimony warranting " such a " finding " unless the testimony is believed, so that the fact is proved. The burden of establishing that the payee's title was defective was on the defendants. If they failed to sustain this burden, no burden rested upon the plaintiff to support by evidence its *prima facie* case that it was a holder in due course. See *Phillips* v. *Eldridge,* 221 Mass. 103, 104; *Dodge* v. *Bowen,* 264 Mass. 208, 214; *First National Bank of Bridgeport* v. *Groves,* 269 Mass. 161, 172; *Crosley* v. *Reynolds,* 196 Fed. Rep. 640, 644; *Boone National Bank* v. *Evans,* 199 Iowa, 848. Brannan's Negotiable Instruments Law (4th ed.) 535. See also cases decided in this Commonwealth before the passage of the negotiable instruments act. *Sistermans* v. *Field,* 9 Gray, 331, 337. *Smith* v. *Livingston,* 111 Mass. 342, 345. *Emerson* v. *Burns,* 114 Mass. 348, 349. *Sullivan* v. *Langley,* 120 Mass. 437, 443. *Holden* v. *Phoenix Rattan Co.* 168 Mass. 570, 572.

*Second.* It was not error to refuse to rule that " If it was understood or was a course of dealing between the plaintiff and the payee of the note in suit that, if the note was not paid at maturity by the defendants in this case the account of the payee was to be charged, then the plaintiff is not a holder in due course." A right in the plaintiff to charge the account of the payee was not necessarily inconsistent with the plaintiff's being a holder of the note in due course. It was not inconsistent with the plaintiff's having acquired title to the note for value, as distinguished from being the agent of the payee for its collection. As to this distinction, see *Salem Elevator Works, Inc.* v. *Commissioner of Banks,* 252 Mass. 366, 370, 371. A holder in due course of a note indorsed in blank without qualification ordinarily has a right of recourse to the indorser if the note is not paid at maturity. If this plaintiff, by reason of an understanding or " course of dealing " with the payee-indorser, had the right upon

nonpayment by the defendant, without more, to charge the note to such indorser's account, it might be "simply a method . . . of exacting payment from the indorser." *Burton* v. *United States,* 196 U. S. 283, 297. See also *Walker & Brock* v. *D. W. Ranlett Co.* 89 Vt. 71, 76. *Phillips* v. *Eldridge,* 221 Mass. 103, 105, relied on by the defendants, does not imply that such an agreement is conclusive against the indorser's being a holder in due course.

*Third.* There was no prejudicial error in the exclusion of testimony. The plaintiff's president was asked: (1) " Now I will ask you whether or not the Beacon Trust Company is indifferent to the outcome of this suit?" (2) " It is Mr. Rudnick's note which he controls, and the suit here is brought in the name of the Beacon Trust Company for his use, is it not?" and (3) " The suit here is brought in the name of the Beacon Trust Company for the use of Mr. Rudnick, is it not?" The questions were excluded, subject to the exceptions of the defendants, who offered to prove that the answer to each question would be " Yes." The first question was not material to any issue in the case. Indifference on the part of the plaintiff as to the outcome of this action would not tend to show that it was not a holder of the note in due course. Such indifference might result from a consciousness that there was a good indorser. The other questions were answered in substance when the witness testified that "·the note belongs to the bank."

*Exceptions overruled.*