E. S. COMPANY, INC. *vs.* WALTER C. ROCHELEAU.

JUNE 22, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit on two promissory notes. The case is here on plaintiff's exceptions to the admission and exclusion of evidence and to a ruling directing a verdict for the defendant.

At the trial in the Superior Court the plaintiff, a holder to whom the payee had indorsed the notes, introduced the notes and rested. The defendant then took the stand and testified to facts sufficient to warrant a finding not only that there was a failure of consideration but that there was fraud in obtaining the notes and that the payee negotiated the notes in breach of faith and under such circumstances as amount to a fraud.

The defendant then rested to enable the plaintiff to attempt to show that it was a holder in due course. Instead of attempting to do so, the plaintiff rested its case and moved for a direction of a verdict in its favor. The defendant also made a motion for a direction of a verdict in his favor. After each party had rested and made a motion for a direction of a verdict and argued their respective motions, the plaintiff requested permission to reopen its case and introduce testimony.

Section 65 of our Negotiable Instrument Act, Chapter 227, G. L. 1923, provides in part as follows: "Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

The plaintiff contends (1) that the word "shown" means proved to the satisfaction of the jury, and (2) that, although a plaintiff offers no evidence to prove that he is a

holder in due course, a trial justice, regardless of the amount of evidence produced by the defendant showing that the payee's title was defective, is never warranted in directing a verdict for the defendant.

By said section "every holder is deemed *prima facie* to be a holder in due course." In other words, there is a presumption that a holder is a holder in due course. A presumption, however, is not evidence and cannot be weighed as evidence. When the person against whom a presumption operates produces satisfactory evidence to rebut the presumption, it becomes inoperative and the case proceeds as if no presumption had been invoked. *Colangelo* v. *Colangelo*, 46 R. I. 138. If it is shown that there was fraud in the inception of the note, *i. e.* in obtaining it or in negotiating it in breach of faith or under such circumstances as amount to a fraud, the presumption disappears, and a contrary presumption, that the holder is not a holder in due course, arises; and the burden is on the plaintiff to prove that he is a holder in due course. See said Section 65; *Cook* v. *Am. Tubing Co.*, 28 R. I. 41. The reason for the rule given in the English cases is that where there is fraud, the presumption is that he who is guilty will part with the instrument for the purpose of enabling some third party to recover upon it, and such presumption operates against the holder, and it devolves upon him to show that he is a holder in due course. *Bailey* v. *Bidwell*, 13 Mees. & Wels. 73; approved in *Smith* v. *Braine*, 3 Eng. L. & Eq. 379; and in *Harvey* v. *Towers*, 4 id. 531.

There was evidence showing fraud in obtaining the notes and that the notes were obtained by a promise to keep them in the treasury of a certain corporation for bookkeeping purposes and not to negotiate them. Upon the question of fraud the defendant established a *prima facie* case. As this court said in *Halliday* v. *R. I. Co.*, 42 R. I. at 353: "His testimony is consistent and reasonable. It is the only evidence bearing on this question. This testimony is not impeached by any physical facts or 'by circumstantial evi-

dence either intrinsic or extrinsic' and therefore must be taken to be true." See also *Rostron* v. *Rostron*, 49 R. I. 292; *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180; *Tiffany* v. *Morgan*, 73 Atl. (R. I.) 465.

The defendant having established a *prima facie* case of fraud, it was incumbent upon the plaintiff either to rebut this evidence of fraud or to show that the plaintiff was a holder in due course. The plaintiff did not attempt to do either. The trial justice, in passing upon their respective motions for a direction of a verdict, had no alternative but to direct a verdict for the defendant. In § 497 of Bigelow on Bills, Notes and Checks, 3rd Ed., p. 392, the rule is stated as follows: "It is quite clear from the language of § 59, placing the burden on the plaintiff 'when *it is shown* that the title of any person who negotiated the instrument was defective', that the defendant is required, in the first instance, to establish the special defense of defect of title in some prior party, before the plaintiff can be required to assume the burden of establishing his own character as a holder in due course. But after the defendant has thus *prima facie* established the facts constituting the defect of title, then the burden of showing that he holds in due course rests upon the plaintiff." The entire text is supported by numerous authorities there cited. See also *Vaughn* v. *Johnson*, 20 Idaho 669; 39 L. R. A. (N. S.) 816; *Standard Trust Co.* v. *Commercial Natl. Bank*, 167 N. C. 260; *Fidelity Trust Co.* v. *Ellen*, 163 N. C. 45; *Myers* v. *Petty*, 153 N. C. 462; *Amer. Natl. Bank* v. *Fountain*, 148 N. C. 590; *Hahn* v. *Bradley*, 92 Mo. App. 399.

In *Canajoharie Natl. Bank* v. *Diefendorf*, 123 N. Y. at 205, the court said: "It makes no difference in the question presented, whether the plaintiff pursues the orderly course of first presenting and proving his note, relying upon the presumptions of *bona fides,* which accompany possession of the paper, and delays making proof of the circumstances of his purchase until after the defendant gives evidence of his defense, or as in this case, he makes the proof of such cir-

cumstances as a part of his affirmative case . . . . Such a party makes out his title by presumptions, until it is impeached by evidence showing that the paper had a fraudulent inception, and when this is done the plaintiff can no longer rest upon the presumptions, but must show affirmatively his good faith." In *Blaney* v. *Pelton*, 60 Vt. 275, 13 Atl. 564, the court said: "When the plaintiff produced the notes in court and proved their execution he made out a *prima facie* right of recovery. The holder of negotiable paper is presumed in the first instance to be a *bona fide* holder. If the defendant offers evidence tending to prove fraud in obtaining the notes . . . the burden of proof is thereby cast upon the plaintiff to show that he was an innocent purchaser for value of the notes while they were current." The rule was followed in *Limerick Natl. Bank* v. *Adams,* 70 Vt. 132, 40 Atl. 166.

We find little, if any, authority opposed to this rule, but, whatever may be practice elsewhere, the rule as to order of proof when evidence of fraud is shown has been too long and well established in this state to leave the question open for dispute.

In *Millard* v. *Barton,* 13 R. I. 601, at 610, this court said: "In the order of trial the plaintiff first produces his note, and, the signature not being denied, may rest his case. If the signature is his (defendant's), it is *prima facie* evidence that the whole instrument is genuine. Then the defendant may put in evidence to prove fraud, etc., in the inception of the note. The plaintiff, in all those cases where the note would be valid in the hands of a holder for value, must then show that he is such and that he took it in good faith. And he may be required to show the circumstances under which he took the note, as bearing on this point." See also *Hazard* v. *Spencer,* 17 R. I. 561; *Third Natl. Bank* v. *Angell,* 18 R. I. 1; *Cook* v. *Am. Tubing Co., supra,* at 54; *Kirk* v. *Ball,* 45 R. I. 93.

The defendant relies mainly upon *Levison* v. *Lavalle,* 243 Mass. 47; *Phillips* v. *Eldridge,* 221 Mass. 103; and *Beacon*

*Trust Co.* v. *Ryder,* 273 Mass. 573. In neither of the first two cases was the question before us decided or even raised. In the opinion of the latter case the evidence was not set out and therefore it does not appear that the evidence of fraud was as positive, clear and consistent as in the case before us. The case held that it was not error to refuse to grant defendant's request to rule that "when testimony warranting a finding that the note in suit was negotiated in breach of faith by the payee has been introduced, the burden of proof is then upon the plaintiff to show that he is a holder in due course."

As to the exceptions to the admission of evidence, it is elementary that a party may show that he entrusted his note to the payee or his agent for a special purpose and that the payee committed fraud in negotiating the note in breach of faith. The receipt for the notes did not express the whole contract. This is apparent from the language thereof. The reasonable inference from the language is that the notes were not to be negotiated. However, the parol evidence was admitted for the purpose of showing a fraudulent scheme. Fraud can be shown in spite of the fact that the parties have reduced their agreement to writing. *International Accts. Soc.* v. *Kiernan,* 143 Atl. 858; *Bloomberg* v. *Pugh,* 45 R. I. 360; *Barnett* v. *DeAngelis,* 133 Atl. 349.

After each party had rested and moved for a direction of a verdict, and after the justice had indicated that his ruling would be adverse to the plaintiff, its counsel asked to be permitted to reopen the case for the purpose of showing that the plaintiff paid value for the notes. The trial justice did not abuse his discretion in refusing to grant the request. It would have availed the plaintiff little, if anything, to prove that value was paid. No offer was made to prove that the plaintiff took the notes in good faith. An infirmity in the notes having been shown, the burden was on the plaintiff to show that it was a holder in due course.

See said Section 65. The plaintiff evidently did not desire to undertake this burden.

The remaining exceptions are entirely without merit and are overruled. All the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*David Stoneman, Robert Clayton of Mass. Bar, Charles Z. Alexander,* for plaintiff.

*James H. Rickard, Everett L. Walling,* for defendant.