STRATFORD CREDIT CORPORATION *vs.* SEMA BERMAN.

JULY 30, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action of the case in assumpsit on a promissory note was tried before a justice of the superior court sitting without a jury. The case is before us on defendant's exceptions to a decision for the plaintiff in the sum of $1457.

It appears in evidence that on April 16, 1945 the Tilo Roofing Company, Inc.; hereinafter referred to as Tilo, entered into a written contract, which included the note in question, with the defendant to do certain work for $1200 on a building owned by her and located on Edward street in the city of Newport, Rhode Island.

The note was for $1200 and was undated. The contract and the note were on the same printed form, the note immediately following the main body of the contract. However, the two instruments were separable through minute perforations in the paper. The signature to the note served also as the signature to the contract. The contract provided that the sum of $1200 was to be paid "5 days after date of completion" of the work by Tilo, and it further authorized Tilo "to detach, date and otherwise complete the attached note", so as to conform with the terms of payment.

On April 16, 1945, the defendant also gave a signed financial statement to Tilo, setting forth, among other things, her yearly income from two buildings that she owned in Newport, one of which was the building mentioned in the contract. This statement, which is on a printed form entitled "Credit Statement-Application" and is addressed "To

Stratford Credit Corp.", states at its very beginning that the information was furnished "for the purpose of inducing you to grant credit under the terms of Title I of the National Housing Act."

Tilo completed the work on December 31, 1945, and on that day it transferred the note, together with the contract, to the plaintiff, receiving in return for such transfer the sum of $1176. The plaintiff then dated the note as of that date and immediately notified the defendant in writing that her note was due January 6, 1946. The defendant paid no attention to this demand and, on January 10, 1946, she transferred to her daughter, Beatrice B. Bozosky, all the real estate mentioned in the financial statement. Sometime later the plaintiff brought the present action.

The defendant filed the following five pleas in this action: the general issue; the plaintiff was not a holder in due course; she did not sign the note; the note was not a negotiable instrument; and her signature to the note was obtained by fraud, deception and misrepresentation. The determination of the controlling questions in this case, namely, whether the note was obtained from the defendant through fraud and whether the plaintiff was a holder in due course, depend almost entirely upon a fair consideration of the conflicting and irreconcilable testimony of the defendant and of John J. Sullivan, Jr., Tilo's agent. They were the only witnesses who testified concerning the original transaction.

The substance of defendant's testimony was that, other than writing her name, she could neither read nor write; that Tilo's agent told her that the paper which he filled in was a contract, never mentioning a note in connection therewith; and that, acting under that belief, she signed the paper. When questioned about the financial statement, she admitted her signature with some hesitation and explained that she did not remember signing it or knowing its contents. The only reason she gave for transferring the property soon after the note became due was that her daughter

"had the mortgage." Throughout her testimony she attempted to establish that Tilo's work was defective.

Sullivan, Tilo's agent, testified that he did not know that the defendant could not read or write; that, following his usual custom, he read the contract to the defendant and explained to her that it included a promissory note; and that she signed the contract and note with full knowledge of what she was doing. He further testified that the defendant gave him all the information in the financial statement, which she knowingly signed at his request.

In his decision the trial justice pointed out that this was an action on a negotiable instrument and not on a contract; and that, if Tilo's work was defective, as the defendant claimed, she had a remedy in an action against Tilo on the contract. After reviewing the evidence in general terms, he held that the plaintiff here was a holder in due course and concluded with the following language: "On all of the *credible* evidence the court finds that the plaintiff has proven its case by a fair preponderance of the evidence, and gives decision for the plaintiff for the sum of $1457." (italics ours)

Section 65 of the negotiable instruments law, chapter 455, general laws 1938, provides in part as follows: "Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." This presumption disappears when there is credible evidence of fraud or of circumstances amounting to fraud. *E. S. Company, Inc.* v. *Rocheleau*, 52 R. I. 378.

We believe it obvious from what we have said that the credibility of the defendant and of Sullivan respecting the original transaction was of vital importance in the circumstances of this case. The trial justice, who had the advantage of seeing and hearing them testify, must have believed Sullivan for otherwise, in view of the defendant's plea

that fraud had been practiced upon her in obtaining her signature on the note, he would not have held that the "credible evidence" supported the plaintiff's case. It is well established that this court will not disturb the decision of a trial justice upon conflicting evidence unless it appears that such decision was clearly wrong. On the record before us we find no ground to hold that the trial justice was clearly wrong.

However, the defendant contends that the trial justice committed certain errors of law. She urges that there was such identity between Tilo and the plaintiff as to make them one and the same party; and that, because of such identity, the plaintiff was not a holder in due course and was, therefore, subject to the same defenses in this action on the note that Tilo would have been in an action on the contract. In support of this contention she argues that as the contract and the note were on the same paper they constituted one indivisible instrument; that an officer of the plaintiff corporation was also an officer of the Tilo corporation; that both corporations had offices in the same building; and that Tilo transferred all its notes to the plaintiff.

As a background to this contention, the defendant severely criticizes as deceptive in character the printed form that Tilo used in dealing with her. What one may think of that form in the abstract and what might follow therefrom in different circumstances are considerations that do not concern us here in view of the evidence in this case. That the note was separable from the contract through minute perforations in the paper may, of itself, be of minor import, but the fact that the defendant expressly authorized Tilo "to detach, date and otherwise complete" the note is of prime importance. This latter fact, among others, clearly distinguishes the instant case from *Old Kentucky Distributing Corp.* v. *Morin,* 50 R. I. 163, upon which the defendant strongly relies.

■ Defendant's contention that Tilo and the plaintiff were in contemplation of law one and the same party carries no conviction. The evidence upon which the defendant relies to support this contention is quite different from that in *Muirhead* v. *Fairlawn Enterprise, Inc.*, 72 R. I. 163. The mere fact that a person holds an office in two corporations that may be dealing with each other and that have offices in the same building, without more, is not enough to make them identical in contemplation of law.

■ Defendant also contends that she was not liable on the note because the date of December 31, 1945, which was inserted in the note, was not the date of issue, arguing that the date of issue was April 16, 1945, when she signed the contract and note. This contention is based upon §19 of the negotiable instruments law which, in so far as pertinent, provides that "Where an instrument expressed to be payable at a fixed period after date is issued undated . . . any holder may insert therein the true date of issue . . . and the instrument shall be payable accordingly." Defendant's argument on this point disregards the provision of the contract that made the note payable "5 days after date of completion" of the work by Tilo, which obviously was at some future time, and the further provision thereof authorizing Tilo "to detach, date and otherwise complete" the note so as to conform with its terms. In this situation, although the note was undated when delivered to Tilo, it was nevertheless delivered with express authority from the defendant to date the note and issue it as a complete instrument when Tilo finished the work; and such authority was extended, by force of the statute, to the plaintiff. The contention under consideration is therefore without merit.

The defendant's other exceptions have been considered and found to be without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

Moss, J., did not participate in the decision.

## On Motion for Reargument.

### October 23, 1947.

Present: Flynn, C. J., Capotosto, Baker and Condon, JJ.

Per Curiam. After our opinion was filed in the above-entitled case defendant requested and received permission to file a motion for reargument.

The main ground set out in this motion is a reiteration of defendant's original contention that on December 31, 1945 neither Tilo Roofing Company, Inc. nor the plaintiff, the latter of which corporations, according to her, was a transferee of the note with notice, had any authority to fill in that date on the note because Tilo had not then completed its work under the contract, since she deemed such work defective in certain particulars. This ground needs no discussion as it was fully considered and rejected in our opinion.

Defendant further urges that the following statements in the opinion, namely, that "Tilo completed the work on December 31, 1945" and that "when Tilo finished the work", would appear to be harmful to her were she to bring an action against Tilo on the contract. Her apprehension in this respect is unfounded as the opinion does not preclude her from litigating her rights, if any she has, under the contract with Tilo. The statements to which she directs our attention do not mean that this court has made any finding that the contract was fully performed, but merely that, as shown in the record before us, Tilo had taken the position that on December 31, 1945 it had completed the work required under its contract with the defendant and was thus authorized on that date to fill in the note.

Motion denied.

*Francis J. O'Brien,* for plaintiff.

*John C. Burke,* for defendant.