STANLEY–BOSTITCH, INC.

v.

REGENERATIVE ENVIRONMENTAL
EQUIPMENT CO., INC., et al.

No. 2000–284–Appeal.

Supreme Court of Rhode Island.

Dec. 6, 2001.

Richard W. MacAdams, Providence, for Plaintiff.

Alfred G. Walton, Warren, NJ, Mark W. Freel, Providence, Albin S. Moser, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on November 6, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The facts in this case are largely undisputed. The plaintiff, Stanley–Bostitch, Inc. (plaintiff), manufactures tools and related products. In 1987, Regenerative Environmental Equipment Co., Inc. (REECO), sent plaintiff a proposal (original proposal) to engineer, fabricate and install a re-therm thermal oxidation system for its manufacturing plant. The original proposal contained boilerplate provisions describing the terms and conditions of sale. It also contained a clause providing for a price-adjustment in the event of inflation. The original proposal expired if not accepted in writing within sixty days. On August 11, 1987, REECO sent plaintiff a second proposal relating to engineering services for the re-therm unit. The plaintiff sent a purchase order to REECO for the engineering services that contained an additional set of terms and conditions. REECO subsequently sent a memorandum to plaintiff, confirming receipt of the purchase order and advising plaintiff that the terms of the original proposal would govern instead of those on plaintiff's purchase order. The plaintiff signed and returned this memorandum ten days later. On November 9, 1987, well

after the expiration of the original proposal, plaintiff issued a $1,094,000 purchase order for the re-therm system. REECO confirmed receipt of this order by memoranda, but plaintiff neither signed nor returned it, as it had done with the previous confirmation. Within the body of the confirmation, REECO had inserted the following paragraph:

"as previously agreed * * * in lieu of the 'TERMS' noted on the reverse side of your purchase order, please refer to the 'TERMS AND CONDITIONS OF SALE' on the reverse side of the price quotation page of our proposal. Although the intent is similar, we believe those noted in our proposal to be more applicable to the nature of the equipment to be supplied under this order and will, therefore, apply."

REECO shipped the system in May 1988. The plaintiff subsequently paid REECO $1,094,000. REECO, however, believing it was owed an additional $99,266 because of the price-adjustment clause in the original proposal, sent plaintiff an invoice to that effect. The plaintiff refused to pay any additional compensation to REECO.[1] The defendant filed a demand for arbitration requesting $99,266 plus interest, costs and fees. This Court eventually held that no agreement to arbitrate exists between the parties. See Stanley–Bostitch, Inc. v. Regenerative Environmental Equipment Co., 697 A.2d 323, 329 (R.I.1997) (Stanley–Bostitch I). In reaching this conclusion, we determined that (1) plaintiff never expressly agreed to the terms of the original proposal because it did not sign or return the confirmation letter and (2) because the original proposal had expired, plaintiff's purchase order was, in fact, an offer that REECO accepted via

1. On September 20, 1991, REECO assigned all of its right, title, and interest in the contract to James Mueller (defendant). On February 24, 1993, the plaintiff's complaint against REECO was dismissed without prejudice.

its second confirmation letter. Thus, pursuant to the Rhode Island Uniform Commercial Code, G.L.1956 § 6A–2–207(2)(b), a provision that compels arbitration materially alters the terms of the bargain and cannot be part of the contract unless plaintiff expressly agreed. Consequently, we vacated the judgment and remanded the case to the Superior Court for further proceedings.

The parties filed cross-motions for summary judgment concerning whether the price-adjustment clause contained in REECO's original proposal was part of the agreement between the parties. On May 9, 2000, the motion justice granted plaintiff's motion and denied defendant's motion, determining that the price-adjustment clause was not an express or implied term of the contract. Moreover, the motion justice stated that the price-adjustment clause was a material change in terms that did not become part of the contract pursuant to § 6A–2–207(2)(b). The defendant timely appealed, arguing that the motion justice committed an error of law when she determined that the price-adjustment clause was not part of the parties' contract.

"It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *M & B Realty, Inc. v. Duval,* 767 A.2d 60, 63 (R.I.2001) (citing *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996)). Moreover, "this [C]ourt, like the trial court, must examine the pleadings and other submitted material in a light most favorable to the party opposing the motion. The moving party is entitled to judgment as a matter of law only if there are no genuine issues of material fact to be decided." *Stanley–Bostitch I,* 697 A.2d at 325 (citing Super. R. Civ. P. 56 and *O'Hara v. John Hancock Mutual Life Insurance Co.,* 574 A.2d 135, 136 (R.I.1990)).

# I

## Incorporation by Reference

■ The defendant, James Mueller, first argues that REECO's original proposal was incorporated by reference in the November 9 offer because the purchase order refers to the original proposal. We disagree.

■ "It has long been a general rule in this jurisdiction that instruments executed 'at the same time, for the same purpose and in the course of the same transaction * * * are to be considered as one instrument and are to be read and construed together.'" *Rotelli v. Catanzaro,* 686 A.2d 91, 94 (R.I.1996) (quoting *Old Kentucky Distributing Corp. v. Morin,* 50 R.I. 163, 165, 146 A. 403, 404 (1929)). Furthermore, "instruments referred to in a written contract may be regarded as incorporated by reference and thus may be considered in the construction of the contract." *Id.* (citing 17A Am.Jur.2d *Contracts* § 400 (1991)). The original proposal and the November 9 purchase order were not executed at the same time. Our decision in *Stanley–Bostitch I* is dispositive on this issue. In that case, we determined that because plaintiff did not sign or return REECO's confirmation, plaintiff did not assent to the arbitration clause and thus, the original proposal was not incorporated into the parties' agreement. That reasoning holds true for the price adjustment clause at issue in this case. We conclude the original proposal was not incorporated by reference into the contract.

# II

## Rhode Island Uniform Commercial Code

■ The defendant argues, alternatively, that the price-adjustment clause is part

of the contract because it is an additional, non-material term in accordance with § 6A–2–207(2). We disagree.

██ According to § 6A–2–207(2), additional terms in an acceptance or confirmation of a contract are construed as "proposals for addition to the contract." In contracts between merchants, however, additional or different terms become part of a contract unless "[t]hey materially alter [the contract]." *Id.* Material alterations are those that "result in surprise or hardship if incorporated without express awareness by the other party." Section 6A–2–207, comment 4.

Although we have not addressed directly whether price is a material term, in *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.,* 711 A.2d 628, 634 (R.I.1998), we determined that when a purchase order stated a "materially different purchase price" than the price in an earlier proposal, no contract had been formed. In that case, the purchase order price was $11,000 less than the proposal price. *See id.* at 630.

In the instant case, the price differential at issue is in excess of $99,000. This figure is approximately 10 percent of the initial purchase order. Consequently, we conclude that the price-adjustment was so significant that, as a matter of law, the clause was a material alteration to the contract under § 6A–2–207(2)(b).

For the reasons stated, the defendant's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed. The papers of the case are returned to the Superior Court.